[Cite as *Merchants Acceptance, Inc. v. Bucholz*, 2011-Ohio-5556.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

MERCHANTS ACCEPTANCE, INC.  :

  Plaintiff-Appellant    :   C.A. CASE NO. 24425

v.              :   T.C. NO. 06CVF363

JESSICA BUCHOLZ, et al.   :   (Civil appeal from
                   Municipal Court)

  Defendants-Appellees  :

              :

      . . . . . . . . . .

**O P I N I O N**

Rendered on the  28th  day of  October , 2011.

      . . . . . . . . . .

JAMES Y. OH, Atty. Reg. No. 0070325 and MATTHEW S. KUNKLE, Atty. Reg. No. 0077683, 1100 Superior Avenue, 19th Floor, Cleveland, Ohio 44114
   Attorneys for Plaintiff-Appellant

JESSICA BUCHOLZ, 1337 Tabor Avenue, Apt. D, Dayton, Ohio 45420
   Defendant-Appellee

MELISSA WALLACE, 4121 Dayton Xenia Road, Dayton, Ohio 45432
   Defendant-Appellee

      . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the Notice of Appeal of Merchants Acceptance, Inc., ("Merchants"), filed January 10, 2011. On April 5, 2006, Merchants filed

a Complaint against Jessica Bucholz and Melissa Wallace, alleging that it is the holder of a promissory note executed by Bucholz and Wallace, and that $1,436.11 is due and owing on the note, plus interest. Attached to the Complaint is a "Membership Agreement," dated January 27, 2005, identifying Wallace and Bucholz as buyers, and World Gym Fitness Center as seller. The Agreement provides in part, "The seller may at its own discretion assign this contract to a financial institution." The Agreement contains a section entitled "Promissory Note" that provides that Wallace and Bucholz will make 36 consecutive monthly payments of $55.39 a month for 36 months to satisfy a total balance due of $1993.32. The section further provides that Bucholz and Wallace financed $1500.00 at an annual percentage rate of 19.50 percent, that the finance charge is $493.32, and the amount of tax is $125.00. The bottom of the second page of the Agreement provides:

"Sell Assignment     2-1     2005                                    Signed World Gym

For Value Received Pay to the Order of                          By Mike Mobley
Without Recourse Merchants Acceptance, Inc.       Owner, Officer or Firm Member"

{¶ 2} Bucholz and Wallace did not file an answer to the complaint.

{¶ 3} On June 27, 2006, Merchants filed a motion for default judgment, to which Bucholz and Wallace did not respond, and which the trial court granted on July 3, 2006. On October 7, 2010, Merchants filed a demand addressed to Wallace entitled "Notice of Court Proceeding to Collect Debt.," which states that Wallace owes $2,253.40, including interest and court costs pursuant to the judgment obtained on July 3, 2006. On the same date, Merchants filed an "Affidavit & Order & Notice of Garnishment & Answer of Employer," and a "Notice to the Judgment Debtor of Garnishment of Personal Earnings." The notice provides that Wallace may request a hearing to dispute the judgment creditor's right to

garnish her personal earnings. The notice further states, "NO OBJECTIONS TO THE JUDGMENT ITSELF WILL BE HEARD OR CONSIDERED AT THE HEARING."

{¶ 4} On November 12, 2010, Wallace filed a Request for Hearing, disputing Merchants' right to garnish her personal earnings. The Request provides, above Wallace's signature, "I UNDERSTAND THAT NO OBJECTIONS TO THE JUDGMENT ITSELF WILL BE HEARD OR CONSIDERED AT THE HEARING."

{¶ 5} A garnishment hearing was scheduled for December 2, 2010. On that date, Laura Fannin made an unsworn statement to the judge that she was a member of World Gym, and that the owner of the gym was in prison "because he fraudulently took all these memberships." According to Fannin, she has "a case against him from the Attorney General's Office where they owe money to me because they closed down, they didn't pay their rent on their equipment, nothing, and they knew that they were going to close and they kept taking money from people. * * *." When counsel for Merchants objected to Fannin's remarks, the following exchange occurred:

{¶ 6} "THE COURT: Well, I understand she's not an attorney and you got an objection but you also got some explanation, what's going on?

{¶ 7} "MS. WILLIAMS: I mean, I just think the time to object to the underlying judgment would have been done with the pending case.

{¶ 8} "THE COURT: Yeah, but when it comes out you got stuff from the Attorney General's Office that says it's fraud and this process, I think that it certainly raises some issues from our point. You're aware of this man being in prison, what's going on?

{¶ 9} "MS. WILLIAMS: I am not, no.

{¶ 10} "THE COURT: Okay. You're just here to try to protect the judgment.

{¶ 11} "MS. WILLIAMS: That is correct.

{¶ 12} "THE COURT: Okay. Well, that's not going to work. We're going to vacate this and have it reset for trial.

{¶ 13} "MS. WALLACE: So are they going to quit taking my money?

{¶ 14} "* * *

{¶ 15} "THE COURT: At the point I don't know what's going to happen to this. It just seems like there was fraud and I'm not going to be a part of some fraud based upon what you're saying. I want you to pull copies of that up front for the civil section.

{¶ 16} "MS. FANNEN (sic): Okay.

{¶ 17} "THE COURT: About this outfit and the Plaintiff in this case, I want that placed in the civil file.

{¶ 18} "MS. FANNEN (sic): Okay.

{¶ 19} "THE COURT: I'm going to have this judgment vacated based upon what's been presented here.

{¶ 20} "* * *

{¶ 21} "THE COURT: I'm going to have the matter reset for trial and we can go from there." On the same day Ms. Fannin gave her unsworn statement, the trial court issued an Order that provides, "[t]he Judgment is hereby vacated and this matter is to be set for trial. Potential evidence of fraud on behalf of Plaintiff appears to exist.

{¶ 22} "The money being held on the garnishment is to be returned to the Defendant Melissa Wallace."

{¶ 23} We note that the transcript of docket and journal entries, at item 16, dated December 2, 2010, indicates, "Copy of a Document Judge Hensley, Jr wanted put in the file." Item 16 is a letter to Fannin, dated March 9, 2006, from an investigator at the Attorney General's Office, which provides in part, "As you know, we have a pending lawsuit against World Gym. I have included an affidavit for your review, completion and signature. * * * ." The attached affidavit, signed by Fannin, provides that she signed a contract with Word Gym on August 30, 2004, for the purchase of a 12 month gym membership, that she paid for the membership in full pursuant to the contract, that the the gym closed on April 8, 2005, and that she has not received the "pro rata amount of $336.93 due to me for the time remaining on my membership."

{¶ 24} On December 15, 2010, the trial court issued an entry releasing the garnishment.

{¶ 25} After Wallace did not file a brief herein in the time period allowed, this court issued an order to Wallace to show cause why the matter should not be submitted and considered in the absence of her brief. This Court received correspondence from Wallace, dated July 1, 2011. The correspondence provides, "This letter is regards (sic) to the Appellate Case No. 24425. I Melissa Wallace believe it is not necessary for this case to be submitted to the court of appeals, because of the claims (sic) are based on fraudulent claims.

{¶ 26} "Attached to this letter is a brief article from the Dayton Daily News as proof that these are fraudulent claims." This Court deemed Wallace's correspondence as a notification that she does not intend to file a formal brief.

{¶ 27} Merchants asserts two assignments of error. Its first assignment of error is as

follows:

{¶ 28} "WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN VACATING THE JUDGMENT IN THE GARNISHMENT HEARING."

{¶ 29} According to Merchants, the "court's decision to vacate the judgment obtained in 2006 exceeded the purpose of the garnishment hearing," and the trial court lacked jurisdiction to vacate the judgment in favor of Merchants.

{¶ 30} "Questions of law require de novo review on appeal." *Westbrock v. W. Ohio Health Care Corp.* (2000), 137 Ohio App.3d 304, 311.

{¶ 31} R.C. 2716.01(A) provides: "A person who obtains a judgment against another person may garnish the personal earnings of the person against whom judgment was obtained only through a proceeding in garnishment of personal earnings and only in accordance with this chapter." R.C. 2716.06 governs service of notice to the judgment debtor of the garnishment order, and it sets forth a sample form entitled, "Notice to the Judgment Debtor." The form provides in part, "If you dispute the judgment creditor's right to garnish your personal earnings and believe that you are entitled to possession of the personal earnings because they are exempt or if you feel that this order is improper for any other reason, you may request a hearing before this court by disputing the claim in the request for hearing form, appearing below, or in a substantially similar form, and delivering the request for hearing to this court * * * ." The form further provides, "NO OBJECTIONS TO THE JUDGMENT ITSELF WILL BE HEARD OR CONSIDERED AT THE HEARING. The hearing will be limited to a consideration of the amount of your personal earnings, if any, that can be used in satisfaction of the judgment you owe to the judgment

creditor." R.C. 2716.06(C) further provides, "The hearing shall be limited to a consideration of the amount of the personal earnings of the judgment debtor, if any, that can be used in satisfaction of the debt owed by the judgment debtor to the judgment creditor."

{¶ 32} Merchants directs our attention to *Credit Acceptance Corp. v. Duncan,* Licking App. No. 06CA0039, 2006-Ohio-3934, in which the Fifth District Court of Appeals determined that the trial court lacked jurisdiction to vacate an order reviving a judgment against the Duncans in a subsequent garnishment hearing pursuant to R.C. 2716.06. The *Duncan* court noted, "'[w]here jurisdiction of the subject-matter exists, but a statute has prescribed the mode and particular limits within which it may be exercised, a court must exercise jurisdiction in accordance with the statutory requirements; otherwise, although the proceedings are within the general subject-matter jurisdiction of the court, any judgment rendered is void because the statutory conditions for the exercise of jurisdiction have not been met. (Citations omitted)." Id., at ¶ 15. The "garnishment hearing contemplated by the statute is not a vehicle for re-litigating the lawsuit which resulted in the original judgment. The statute sets forth the limits within which the trial court has authority to act, [s]pecifically, R.C. 2716.06, 'merely gives the trial court jurisdiction to determine the amount of wages * * * if any * * * that can be used to satisfy all or part of the debt. * * * .' *Schumacker v. Stacey,* (May 8, 1985), Summit App. No. 11936, unreported." *Duncan*, at ¶ 17.

{¶ 33} As in *Duncan*, the trial court lacked jurisdiction as a matter of law to vacate the judgment at issue herein; the court was limited by the clear language of the garnishment statute, R.C. 2716.06(C), to "a consideration of the amount of the personal earnings * * * if

any, that can be used in satisfaction of the debt * * *." Since the trial court lacked jurisdiction to vacate the judgment in favor of Merchants, its Judgment Entry of December 2, 2010, is void. Merchants first assignment of error is sustained.

{¶ 34} Merchants second assignment of error is as follows:

{¶ 35} "WHETHER THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY NOT TAKING INTO CONSIDERATION THE TIMELINESS OF DEFENDANT'S JUDGMENT OBJECTIONS."

{¶ 36} Merchants points out that Civ.R. 60(B)(3) allows a court to relieve a party of a final judgment in part for fraud of an adverse party. To prevail on a motion pursuant to Civ. R. 60(B), a movant must establish that: (1) he has a meritorious defense or claim to present if relief is granted; (2) he is entitled to relief pursuant to 60(B)(1) - (5); and (3) the motion was made within a reasonable time, and, where the grounds of relief are Civ.R. (60)(B)(1), (2) or (3), *not more than one year after the judgment or proceeding was entered or taken. GTE Automatic Elec. v. Arc Industries, Inc.* (1976), 47 Ohio St.2d 146, 150-51, (emphasis added). All three requirements must be met. Id., at 151. To the extent that the trial court may have treated Wallace's request for a garnishment hearing as a motion to vacate pursuant to Civ.R. 60(B)(3), on the basis of alleged fraud, we agree with Merchants that it is untimely.

{¶ 37} The order from which this appeal is taken is reversed and this cause is remanded for further proceedings consistent with this court's opinion.

. . . . . . . . . .

FAIN, J. and FROELICH, J., concur.

Copies mailed to:

James Y. Oh
Matthew S. Kunkle
Jessica Bucholz
Melissa Wallace
Hon. James A. Hensley, Jr.