[Cite as *Grahams Used Car Outlet v. Stutchman*, 2013-Ohio-3609.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| GRAHAMS USED CAR OUTLET | JUDGES: |
| | Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 12CA92 |
| BRYCE STUTCHMAN, et al. | |
| | |
| Defendants-Appellants | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common
                              Pleas, Case No.  09CVH851


JUDGMENT:                     Reversed and Remanded


DATE OF JUDGMENT ENTRY:       August 19, 2013


APPEARANCES:

For Plaintiff-Appellant              For Defendants-Appellees

JAMES L. BLUNT, II
445 West Longview Avenue
Mansfield, Ohio  44903

*Wise, J.*

{¶1} Plaintiff-Appellant Grahams Used Car Outlet appeals the August 31, 2012, decision of the Court of Common Pleas of Richland County, Ohio, following a garnishment hearing.

{¶2} Defendant-Appellee Bryce Stutchman has not filed a brief in this matter.

## STATEMENT OF THE FACTS AND CASE

{¶3} The relevant facts and procedural history are as follows:

{¶4} In 2008, Defendant, Bryce Stutchman filed an initial Bankruptcy Chapter 13 Plan; 11 U.S.C.S. Chapter 13, which was ultimately dismissed on November 12, 2008.

{¶5} On March 26, 2009, Plaintiff-Appellant Grahams Used Car Outlet filed a Complaint against Defendants Bryce Stutchman and Thomas Eaton.

{¶6} On April 3, 2009, Appellant filed a Notice of Dismissal as to Defendant Eaton.

{¶7} On July 17, 2009, Plaintiff-Appellant was granted a judgment against Defendant Bryce Stutchman in the amount of $1,696.64 plus court costs and interest at the contractual rate of 24.14%.

{¶8} Defendant Stutchman filed a second Chapter 13 bankruptcy on June 26, 2010. Plaintiff-Appellant was listed as an unsecured creditor in the amount of $2,917.69, which was the amount of the claim allowed.

{¶9} Plaintiff-Appellant received no payments from Defendant or the Bankruptcy Trustee in the second bankruptcy case. The second bankruptcy was

dismissed on September 30, 2011. *See* the Bankruptcy Order in Case No. 10-34399 attached to Plaintiffs Affidavit in Lieu of Appearance.

{¶10} On March 16, 2012, Plaintiff-Appellant proceeded to execute on said judgment by mailing Defendant a "Notice of Court Proceeding to Collect Debt".

{¶11} On April 3, 2012, Plaintiff-Appellant filed a garnishment on Defendant.

{¶12} Defendant requested a hearing on the garnishment, pursuant to Ohio Revised Code §2716.06.

{¶13} The trial court held a hearing where Defendant presented the trial court with a title to the vehicle that did not list Plaintiff-Appellant as a lien holder. The trial court set the matter for an evidentiary hearing to allow for the presentation of evidence as to why the title did not include Plaintiff-Appellant's lien.

{¶14} An evidentiary hearing was held before a Magistrate on August 16, 2012.

{¶15} At the evidentiary hearing, counsel for Plaintiff-Appellant explained to the Magistrate that the clear title meant the Defendant had paid the secured portion through her initial Chapter 13 Plan; therefore, Defendant was entitled to have the lien removed from the title. (T. at 7).

{¶16} According to Plaintiff-Appellant, Defendant's initial Bankruptcy Chapter 13 plan included interest at the rate of 10% by the Bankruptcy Court. Plaintiff-Appellant did not receive any interest on the unsecured portion through the initial Chapter 13 Bankruptcy.

{¶17} The Complaint in the case sub judice was filed after the first bankruptcy was dismissed, and judgment was obtained prior to Defendant's second bankruptcy being filed.

**{¶18}** Plaintiff-Appellant was included as an unsecured creditor in Defendant's second Chapter 13 Bankruptcy; 11 U.S.C.S. Chapter 13.

**{¶19}** On August 31, 2012, the Magistrate signed and filed a Judgment Entry finding:

**{¶20}** "… Defendant, Bryce Stutchman, having filed Chapter 13 Bankruptcy in the above matter and having fully paid on the full said secured amount and that there was no unsecured amounts showing finds in favor or [sic] the Defendant. All funds held in escrow to be released to the Defendant."

**{¶21}** Appellant now appeals, assigning the following Assignments of Error.

<u>**ASSIGNMENTS OF ERROR**</u>

**{¶22}** "I. THE TRIAL COURT ERRED BY HAVING A MAGISTRATE SIGN A JUDGMENT ENTRY CONTRAY [SIC] TO CIVIL RULE 53.

**{¶23}** "II. THE TRIAL COURT ERRED BY ALLOWING OBJECTIONS TO BE HEARD ON THE JUDGMENT ITSELF, PURSUANT TO ORC §2716.06.

**{¶24}** "III. THE TRIAL COURT SUA SPONTE VACATED THE JUDGMENT CONTRARY TO OHIO CIVIL RULE 60B.

**{¶25}** "IV. THE TRIAL COURT ERRED BY RELYING ON THE DEFENDANT'S BANKRUPTCY WHICH WAS DISMISSED ON TWO OCCASSIONS [SIC] AND FAILED TO RESTORE ALL PROPERTY RIGHTS TO THE POSITION IN WHICH THEY WERE FOUND AT THE COMMENCEMENT OF THE BANKRUPTCY CASE."

**I.**

**{¶26}** In its First Assignment of Error, Appellant argues the Magistrate did not have authority to sign the judgment entry in this case. We agree.

**{¶27}** "Where a matter is referred to a magistrate, the magistrate and the trial court must conduct the proceedings in conformity with the powers and procedures conferred by Civ.R. 53. 'Magistrates are neither constitutional nor statutory courts. Magistrates and their powers are wholly creatures of rules of practice and procedure promulgated by the Supreme Court.' " *Yantek v. Coach Builders Limited, Inc.,* Hamilton App. No. C–060601, 2007–Ohio–5126, ¶ 9, citing *Quick v. Kwiatkowski,* Montgomery App. No. 18620, 2001–Ohio–1498, citing Sec. 5(B), Art. IV, Ohio Constitution.

**{¶28}** Civ.R. 53 does not permit magistrates to enter judgments. This is the function of the judge, not the magistrate. *Brown v. Cummins* (1997), 120 Ohio App.3d 554, 555, 698 N.E.2d 501; *In re K.K.,* Summit App. No. 22352, 2005–Ohio–3112, at ¶ 17; *Harkai v. Scherba Industries, Inc.* (2000), 136 Ohio App.3d 211, 217–218, 736 N.E.2d 101; *Kidd v. Higgins* (Mar. 29, 1996), Lake App. No. 95–L–112.

**{¶29}** The exercise of the magistrate's powers under Civ.R. 53 is intended only to "assist courts of record." *Yantek, supra* at ¶ 10. "A magistrate's oversight of an issue or issues, even an entire trial, is not a *substitute* for the [trial court's] judicial functions but only an aid to them.' '[E]ven where a jury is the factfinder [in a proceeding before a magistrate], the trial court remains as the ultimate determiner of the case. It is the primary duty of the trial court, and not the magistrate, to act as the judicial officer." *Id.* citing *Hartt v. Munobe,* 67 Ohio St.3d 3, 6, 1993–Ohio–177, 615 N.E.2d 617.

**{¶30}** One of the acts of the judicial officer is found in Civ.R. 58 where it states the court must sign the judgment.

**{¶31}** Based on the foregoing, we find the Magistrate in this case did not have the authority to sign the August 31, 2012 Judgment Entry.

**{¶32}** Appellant's First Assignment of Error is sustained.

**II., III., IV.**

**{¶33}** Base on our disposition of Appellant's First Assignment of Error, we find Appellant's remaining errors to be moot.

**{¶34}** The judgment of the Court of Common Pleas of Richland County, Ohio, is reversed and this matter is remanded for further proceedings consistent with the law and this opinion.

By: Wise, J.

Farmer, P. J., and

Delaney, J., concur.

_____
HON. JOHN W. WISE

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY

JWW/d 0723

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


GRAHAMS USED CAR OUTLET            :
                                   :
       Plaintiff-Appellant         :
                                   :
-vs-                               :          JUDGMENT ENTRY
                                   :
BRYCE STUTCHMAN, et al.            :
                                   :
       Defendants-Appellants       :          Case No. 12CA92


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.

Costs assessed to Appellant.


_____
HON. JOHN W. WISE


_____
HON. SHEILA G. FARMER


_____
HON. PATRICIA A. DELANEY