[Cite as *Graham's Used Car Outlet v. Stutchman*, 2014-Ohio-4807.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| GRAHAM'S USED CAR OUTLET | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 14CA18 |
| | : | |
| BRYCE STUTCHMAN, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Mansfield Municipal
                                 Court, Case No. 09CVH851

JUDGMENT:                        REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY:          October 29, 2014

APPEARANCES:

For Plaintiff-Appellant:                 For Defendants-Appellees:

JAMES L. BLUNT, II                       No Appellee Brief Filed
P.O. Box 232
Shelby, OH 44875

*Delaney, J.*

{¶1} Plaintiff-Appellant Grahams Used Car Outlet appeals the March 4, 2014 judgment entry of the Mansfield Municipal Court.

## FACTS AND PROCEDURAL HISTORY

{¶2} Defendant-Appellee Bryce Stutchman purchased an automobile from Plaintiff-Appellant Grahams Used Car Outlet. The vehicle was purchased for $4,957.68 at an interest rate of 24.14% per annum.

{¶3} Stutchman filed an initial Bankruptcy Chapter 13 Plan. Stutchman listed Grahams as an unsecured creditor. Payments were made through the Bankruptcy Court until June 16, 2008. The bankruptcy case was dismissed on November 12, 2008.

{¶4} On March 26, 2009, Grahams filed a complaint in the Mansfield Municipal Court naming Stutchman and Thomas Eaton as defendants. Grahams alleged since the bankruptcy case was dismissed, there was a balance of $1,696.64 with 24.14% interest due as of January 7, 2009.

{¶5} On April 3, 2009, Grahams dismissed Thomas Eaton as a party-defendant.

{¶6} On July 17, 2009, the trial court granted Grahams a default judgment against Stutchman in the amount of $1,696.64 plus court costs and interest at the contractual rate of 24.14%.

{¶7} Stutchman filed a second Chapter 13 bankruptcy on June 26, 2010. Grahams was listed as an unsecured creditor in the amount of $2,917.69, which was the amount of the claim allowed. Grahams received no payments from Stutchman or the

Bankruptcy Trustee in the second bankruptcy case. The second bankruptcy case was dismissed on September 30, 2011.

{¶8} On March 16, 2012, Grahams proceeded to execute on the July 17, 2009 judgment by mailing Stutchman a "Notice of Court Proceeding to Collect Debt."

{¶9} On April 3, 2012, Grahams filed a garnishment on Stutchman.

{¶10} Stutchman requested a hearing on the garnishment, pursuant to R.C. 2716.06.

{¶11} A garnishment hearing was held before the magistrate on August 16, 2012. At the hearing, evidence was presented that Stutchman received title to the vehicle that did not list Grahams as a lien holder. Grahams argued that Stutchman received clear title to the vehicle because the bankruptcy court had split the debt into secured and unsecured portions. Stutchman had paid the secured portion in the first bankruptcy case, thereby enabling her to receive clear title to the vehicle. Grahams also argued the first Bankruptcy Chapter 13 plan included interest at a rate of 10%. Because the initial bankruptcy case was dismissed, the interest rate returned to 24.14%. Grahams received default judgment on the claim on account after the first bankruptcy case was dismissed and before the second bankruptcy case was filed.

{¶12} On August 31, 2012, the magistrate issued a judgment entry that found Stutchman had paid in the full the secured amount of the debt and there was no unsecured amounts owing to Grahams. The magistrate ordered the funds held in escrow to be released to Stutchman.

{¶13} Grahams appealed the judgment entry to this Court. In *Grahams Used Car Outlet v. Stutchman*, 5th Dist. Richland No. 12CA92, 2013-Ohio-3609, we reversed

the judgment of the trial court. We found that pursuant to Civ.R. 53, the magistrate did not have authority to sign the August 31, 2012 judgment entry. The case was remanded to the trial court for further proceedings.

{¶14} On November 7, 2013, the magistrate issued a magistrate's decision denying Grahams' request for garnishment based on the payment of the debt.

{¶15} Grahams filed objections to the magistrate's decision.

{¶16} On March 4, 2014, the trial court overruled the objections and found in favor of Stutchman based on the payment of the debt and clear title.

{¶17} It is from this decision Grahams now appeals.

## ASSIGNMENTS OF ERROR

{¶18} Grahams raises three Assignments of Errors:

{¶19} "I. THE TRIAL COURT SUA SPONTE VACATED THE JUDGMENT CONTRARY TO OHIO CIVIL RULE 60(B).

{¶20} "II. THE TRIAL COURT ERRED BY RELYING ON THE DEFENDANTS BANKRUPTCY WHICH WAS DISMISSED ON TWO OCCASIONS AND FAILED TO RESTORE THE PARTIES TO THE POSITION IN WHICH THEY WERE FOUND AT THE COMMENCEMENT OF THE BANKRUPTCY CASE CONCERNING PROPERTY RIGHTS.

{¶21} "III. THE TRIAL COURT ERRED BY FINDING ACCORD AND SATISFACTION WHERE THE BANKRUPTCY COURT IMPOSED ON THE PLAINTIFF THE SECURED PORTION OF THE DEBT WHICH RESULTED IN THE LIEN BEING EXTINGUISHED WITH A CLEAR TITLE TO THE DEBTOR."

**ANALYSIS**

**I.**

{¶22} Grahams argues in its first Assignment of Error the trial court's March 4, 2014 judgment entry improperly vacated the July 17, 2009 default judgment. We agree.

{¶23} The trial court granted default judgment against Stutchman on July 17, 2009. The trial record shows that Stutchman never moved to vacate the July 17, 2009 default judgment through a Civ.R. 60(B) motion for relief from judgment.

{¶24} At the time of the magistrate's hearing, the only matter pending before the trial court was Stutchman's request for a garnishment hearing. Garnishment proceedings are governed by statute. Under R.C. 2716.06(C), a garnishment hearing "shall be limited to a consideration of the amount of the personal earnings of the judgment debtor, if any, that can be used in satisfaction of the debt owed by the judgment debtor to the judgment creditor."

{¶25} In *Merchants Acceptance, Inc. v Bucholz*, 2nd Dist. Montgomery No. 24425, 2011-Ohio-5556, the Second District Court of Appeals recognized that a statutory garnishment hearing was not the proper vehicle for relitigating the underlying judgment. *See also Rake-Ree Ents., Inc. v. Timmons*, 10th Dist. Franklin Nos. 10AP-476, 10AP-556, 2011-Ohio-1090. The court held the trial court lacks jurisdiction to vacate the underlying judgment in the context of a garnishment hearing. *Id.* at ¶ 31-33. S*ee also Credit Invests., Inc. v. Addis*, 2nd Dist. Montgomery No. 26081, 2014-Ohio-4249. The scope of the garnishment hearing is "limited to the judgment debtor's claims of exemption or any defense to the garnishment." *Liverpool v. Buckeye Water Dist.*, 2012-Ohio-2821, 972 N.E.2d 1090, ¶ 34 (7th Dist.).

{¶26} At the garnishment hearing on August 16, 2012, the magistrate stated at the start of the hearing, "[a]t this point in time, we're here pursuant to a request by the Defendants in this matter on a Garnishment Hearing indicating that they do believe that they are not subject to garnishment." (T. 4). The issues raised before the trial court in the garnishment proceeding, however, went beyond the consideration of the amount of the personal earnings of the judgment debtor, if any, that could be used in satisfaction of the debt owed by the judgment debtor to the judgment creditor. Stutchman argued the debt was discharged in bankruptcy and she had clear title to the vehicle, therefore she did not owe Grahams money on the disputed debt. Grahams argued the money was still owed on the debt. The resulting March 4, 2014 judgment found that Stutchman did not owe any money and ordered the return of previously garnished funds.

{¶27} We find the March 4, 2014 judgment of the trial court went beyond the scope of the statutory garnishment proceedings and improperly vacated the July 17, 2009 default judgment. There was no Civ.R. 60(B) motion for relief from judgment before the trial court that would permit it to vacate the July 17, 2009 default judgment. Absent a Civ.R. 60(B) motion for relief from judgment, the trial court lacks authority to vacate a final judgment. *Credit Invests., Inc., supra* at ¶ 7.

{¶28} The first Assignment of Error is sustained.

### II. and III.

{¶29} The second and third Assignments of Error argue the trial court erred when it considered evidence outside the purview of the statutory garnishment proceedings. Based on our ruling on the first Assignment of Error, we sustain the second and third Assignments of Error.

**CONCLUSION**

{¶30} The judgment of the Mansfield Municipal Court is reversed and the matter is remanded for further proceedings consistent with this opinion and law.

By: Delaney, J.,

Gwin, P.J. and.

Baldwin, J., concur.