OPINION
{¶ 1} Defendant-appellant Gene Cipriano appeals from the December 23, 2003, order of the Guernsey County Court of Common Pleas permitting the garnishment of his credit union account in the amount of $358.15.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 25, 2003, an "Affidavit, Order and Notice of Garnishment" directed to Ohio Operating Engineers Federal Credit Union and a separate "Affidavit, Order and Notice of Garnishment" directed to Huntington National Bank were filed in the Guernsey County Court of Common Pleas by the State of Ohio. The Affidavits indicated that a judgment had been obtained by the State of Ohio against appellant Gene Cipriano on October 3, 2003, and that there was $1,481.33 due on the same. The State of Ohio specifically sought to garnish "any and all monies in the name of the judgment debtor [appellant]" in possession of Ohio Operating Engineers Federal Credit Union and Huntington National Bank.
 {¶ 3} On December 5, 2003, appellant filed a request for a hearing on the garnishment. Appellant, in his request, asserted that the State of Ohio did not have a right to garnish his money or property since he was not "liable for the tax from 1989 statute of limitations" and because he was on "total disability social security only." A hearing date was set for December 22, 2003.
 {¶ 4} On December 8, 2003, Ohio Operating Engineers Federal Credit Union, as garnishee, filed an answer with a check in the amount of $358.15 with the Guernsey County Clerk of Courts. On December 10, 2003, Huntington National Bank filed an answer indicating that appellant did not have any accounts at Huntington.
 {¶ 5} The hearing was then held on December 22, 2003. Appellant did not appear at the same. The trial court, pursuant to an order filed on December 23, 2003, ordered that the "Bank Attachment is sustained and the funds held by the Court [$358.15] are to be delivered to Plaintiff's Counsel."
 {¶ 6} It is from the trial court's December 23, 2003, order that appellant now appeals, raising the following assignments of error:
 {¶ 7} "I. The alleged tax due was not assessed within the three-year statute of limitations.
 {¶ 8} "II. Appellant's sole means of support is social security disability which is exempt from levy."
 I, II {¶ 9} Appellant, in his two assignments of error, challenges the trial court's order permitting the garnishment by the State of Ohio of appellant's account with Ohio Operating Engineers Federal Credit Union. Appellant specifically contends that the garnishment was improper because the State of Ohio did not assess the alleged tax within the three year statute of limitations and appellant's Social Security Disability is "exempt from levy". Appellant further argues that since he had no federal tax liability for 1989, he could not have any state tax liability for the same year.
 {¶ 10} R.C. 2716.06(C) permits a judgment debtor to request a hearing for the purpose of disputing the judgment creditor's right to garnish the judgment debtor's personal earnings. The subject matter of the hearing is "* * * limited to a consideration of the amount of the personal earnings of the judgment debtor, if any, that can be used in satisfaction of the debt owed by the judgment debtor to the judgment creditor." R.C. 2716.06(C). The judgment debtor has the burden of proving the existence or applicability of an exemption or defense to the garnishment. MonogramCredit Card Bank of Georgia v. Hoffman, Union App. No. 14-02-24, 2003-Ohio-1578, 2003 WL 1618004, citing Hoffman v. Weiland (1940),64 Ohio App. 467, 470, 29 N.E.2d 33.
 {¶ 11} In the case sub judice, appellant did not prove the existence or applicability of an exemption or defense to the garnishment at the garnishment hearing on December 8, 2003. In fact, appellant did not appear at such hearing.
 {¶ 12} Appellant's two assignments of error are, therefore, overruled.
 {¶ 13} Accordingly, the judgment of the Guernsey County Court of Common Pleas is affirmed.
Edwards, J., Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Guernsey County Court of Common Pleas is affirmed. Costs assessed to appellant.