OPINION
{¶ 1} On August 2, 2005, appellant, InoVision, obtained a default judgment against David Bowman and appellee, Barbara Bowman. On November 17, 2005, appellant initiated a garnishment of property other than personal earnings against appellee. On November 23, 2005, appellee requested a hearing on the garnishment. A hearing was held on November 30, 2005. Appellant did not appear. By judgment entry filed December 1, 2005, the trial court dismissed the garnishment proceedings and ordered the immediate return of funds being held to appellee.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 3} "THE TRIAL COURT ERRED WHEN IT DISMISSED INOVISION'S PROCEEDING IN GARNISHMENT OF PROPERTY OTHER THAN PERSONAL EARNINGS BROUGHT PURSUANT TO OHIO REVISED CODE § 2716.11 SOLELY ON THE GROUND THAT INOVISION DID NOT APPEAR AT THE GARNISHMENT HEARING REQUESTED BY MS. BOWMAN."
 I {¶ 4} Appellant claims the trial court erred in dismissing its garnishment proceeding for failing to appear at the hearing. Specifically, the assignment of error poses three areas of inquiry:
 {¶ 5} "1. What is the scope of garnishment hearings held at the request of judgment debtors under R.C. § 2716.13 and, consequently, who bears the burden of proof at said hearings?
 {¶ 6} "2. What obligation does a judgment creditor bear with respect to proceedings in garnishment of property other than personal earnings brought pursuant to R.C. § 2716.11?
 {¶ 7} "3. What rights does a judgment creditor waive by not appearing at a hearing on garnishment of property other than personal earnings requested by a judgment debtor pursuant to R.C. § 2716.13?" Appellant's Brief at 4.
 {¶ 8} The status of this case requires this court to find the assignment is moot. The money subject to appellant's garnishment order has been released to appellee and appellant did not request a stay order.
 {¶ 9} We note in State v. Cipriano, Guernsey App. No. 03CA000032, 2005-Ohio-249, this court adopted the holding ofMonogram Credit Card Bank of Georgia v. Hoffman, Union App. No. 14-02-24, 2003-Ohio-1578, cited by appellant in support of its position. However, because there is no judicable cause sub judice, this appeal is dismissed.
Farmer, J. Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, this appeal is dismissed.