[Cite as *Phoenix Fin. Solutions, Inc. v. Gonzales*, 2014-Ohio-3897.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| PHOENIX FINANCIAL SOLUTIONS, INC. | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | Case No. CT2013-0056 |
| | : | |
| APRIL GONZALES | : | |
| | : | OPINION |
| Defendant-Appellee | | |

CHARACTER OF PROCEEDING:      Civil appeal from the Muskingum County
                             Court, Case No. CVF-1201012

JUDGMENT:                    Reversed and Remanded

DATE OF JUDGMENT ENTRY:      September 5, 2014

APPEARANCES:

For Plaintiff-Appellant

JAMES BLUNT II
445 W. Longview Avenue
Mansfield, OH 44903

*Gwin, P.J.*

{¶1} Appellant appeals the September 18, 2013 and November 5, 2013 judgment entries of the Muskingum County Court that released the wage garnishment filed by appellant.

*Facts & Procedural History*

{¶2} On December 27, 2012, appellant Phoenix Financial Solutions, an assignee of Dutro Used Cars, Inc., filed a complaint against appellee April Gonzales. The complaint alleged that appellee was in default of a retail installment sales contract for the purchase of a 1994 Mercury Grand Marquis. After certified mail service was completed on appellee on April 29, 2013, appellant filed a motion for default judgment on May 31, 2013. On June 4, 2013, default judgment was granted in favor of appellant against appellee in the amount of $3,351.41 plus interest at 21% from July 16, 2012.

{¶3} Appellant filed a garnishment on August 2, 2013. On August 19, 2013, appellee filed a request for hearing stating that she never drove the car and that she could not afford the debt. On September 5, 2013, the trial court set a garnishment hearing for September 18, 2013.

{¶4} On September 11, 2013, appellant filed an affidavit in lieu of appearance written by appellant's attorney listing the remaining balance on the judgment and stating that appellee's wages are not exempt from garnishment, to the best of his knowledge. On September 18, 2013, the trial court issued a release of garnishment and dissolution of the order of attachment.

{¶5} Appellant filed a motion for findings of fact and conclusions of law on September 26, 2013, requesting findings of fact and conclusions of law as to why the

garnishment was released. On November 5, 2013, the trial court issued a judgment entry that stated as follows:

> The Plaintiff filed an Affidavit in Lieu of Appearance dated
>
> September 11, 2013. The Defendant appeared at said Hearing.
>
> The Plaintiff did not appear. Therefore, the Court released the
>
> Wage Garnishment file dated August 12, 2013.

**{¶6}** Appellant appeals the September 18, 2013 and November 5, 2013 judgment entries of the Muskingum County Court and assigns the following as error:

**{¶7}** "I. THE TRIAL COURT ERRED BY RELEASING THE WAGE GARNISHMENT WHERE THE JUDGMENT CREDITOR FILED AN AFFIDAVIT IN LIEU OF APPEARANCE AND THE JUDGMENT DEBTOR FAILED TO PROVIDE ANY EVIDENCE THAT THE GARNISHMENT PROCEEDS WERE EXEMPT FROM EXECUTION."

I.

**{¶8}** Appellant argues the trial court erred in dismissing its garnishment solely for failing to appear at the hearing when they submitted an affidavit in lieu of appearance. We agree.

**{¶9}** R.C. 2716.13 allows a judgment debtor to request a hearing for the purpose of disputing the judgment creditor's right to garnish the judgment debtor's personal earnings. The subject matter of the hearing is "* * * limited to a consideration of the amount of the personal earnings of the judgment debtor, if any, that can be used in satisfaction of the debt owed by the judgment debtor to the judgment creditor." R.C. 2716.13.

**{¶10}** The judgment debtor has the burden of proving the existence of an exemption or defense to the garnishment. *State of Ohio v. Cipriano*, 5th Dist. Guernsey No. 03CA000032, 2005-Ohio-249, quoting *Monogram Credit Card Bank of Georgia v. Hoffman*, 3rd Dist. Union No. 14-02-24, 2003-Ohio-1578; *Ashtabula County Med. Ctr. v. Douglass*, 11th Dist. Ashtabula No. 1331, 1988 WL 59836 (June 3, 1988). Accordingly, the failure of a judgment creditor or his counsel "to attend the hearing should not result in an automatic finding in favor of the judgment debtor due only to the creditor's failure to appear. The judgment debtor must still go forward and meet his burden of proof." *Ashtabula County Med. Ctr. v. Douglass*, 11th Dist. Ashtabula No. 1331, 1988 WL 59836 (June 3, 1988); *Monogram Credit Card Bank of Georgia v. Hoffman*, 3rd Dist. Union No. 14-02-24, 2003-Ohio-1578; *State of Ohio v. Cipriano*, 5th Dist. Guernsey No. 03CA000032, 2005-Ohio-249 (adopting the holding in *Monogram Credit Card*).

**{¶11}** By not appearing at the garnishment hearing, the creditor does waive his right to challenge the claims of the judgment debtor; and the trial court, upon proper presentation of evidence by the debtor, has the right to determine the debt to be all or partially satisfied. *Ashtabula County Med. Ctr. v. Douglass*, 11th Dist. Ashtabula No. 1331, 1988 WL 59836 (June 3, 1988). "That is the risk the creditor runs when he fails to appear." *Id.*

**{¶12}** We find the rationale in *Ashtabula County Medical Center v. Douglass* and *Monogram Credit Card Bank of Georgia v. Hoffman* to be persuasive. 11th Dist. Ashtabula No. 1331, 1988 WL 59836 (June 3, 1988); 3rd Dist. Union No. 14-02-24, 2003-Ohio-1578. The trial court erred in issuing a release of garnishment and

dissolution of the order of attachment as it appears from the record that the trial court vacated the garnishment solely because appellant filed an affidavit in lieu of appearance instead of making a personal appearance at the hearing.

{¶13} Based on the foregoing, appellant's assignment of error is sustained. The September 18, 2013 and November 5, 2013 judgment entries of the Muskingum County Court are reversed and remanded for further proceedings in accordance with this opinion.

By Gwin, P.J.,

Farmer, J., and

Baldwin, J., concur