[Cite as *Springleaf Fin. Servs. of Ohio, Inc. v. Bayly*, 2017-Ohio-5546.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SPRINGLEAF FINANCIAL SERVICES OF OHIO, INC. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. John W. Wise, J. |
| Plaintiff-Appellant | : | Hon. Earle E. Wise, Jr., J. |
| | : | |
| -vs- | : | |
| | : | Case No. 16-CA-26 |
| JAMIAL E. BAYLY | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:            Appeal from the Court of Common Pleas, Case No. 15-CV-455

JUDGMENT:            Reversed and Remanded

DATE OF JUDGMENT:            June 26, 2017

APPEARANCES:

For Plaintiff-Appellant

STEPHEN D. MILLS
VINCENT A. LEWIS
18 West Monument Avenue
Dayton, OH 45402

For Defendant-Appellee

JAMIAL E. BAYLY, Pro Se
63097 Hickory Lane
Cambridge, OH 43725-9204

*Wise, Earle, J.*

{¶ 1}   Plaintiff-Appellant, Springleaf Financial Services of Ohio, Inc., appeals the November 15, 2016 entry of the Court of Common Pleas of Guernsey County, Ohio, dismissing an order and notice of garnishment and terminating wage garnishment. Defendant-Appellee is Jamial Bayly.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On November 2, 2015, appellant filed a complaint against appellee for monies due and owing on a loan agreement.  Appellee failed to answer or otherwise plead.  On August 18, 2016, appellant filed a motion for default judgment.  By entry filed September 16, 2016, the trial court granted the motion and awarded appellant $7,087.25 as against appellee.  On October 12, 2016, the trial court issued an order of garnishment to appellant's employer to attach appellant's wages.

{¶ 3}   On October 21, 2016, appellant requested a hearing.  By entry filed October 24, 2016, the trial court set a hearing for October 31, 2016.

{¶ 4}   On October 27, 2016, appellant's counsel filed an affidavit in lieu of appearance.  A hearing was held on October 31, 2016, wherein appellee appeared pro se and appellant did not appear.  By entry filed November 15, 2016, the trial court acknowledged the affidavit filed by appellant's counsel, dismissed the order and notice of garnishment for failure to prosecute, and terminated the wage garnishment.

{¶ 5}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 6}   "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DISMISSED FOR LACK OF PROSECUTION APPELLANT'S GARNISHMENT OF PERSONAL EARNINGS OF APPELLEE WITHOUT PROOF OF ANY APPLICABLE EXEMPTION OR OTHER DEFENSE TO THE WAGE GARNISHMENT ORDER, BUT RATHER SOLELY BECAUSE COUNSEL FOR APPELLANT DID NOT ATTEND THE GARNISHMENT HEARING."

II

{¶ 7}   "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT BARRED APPELLANT FROM FILING ANY FUTURE GARNISHMENTS AGAINST APPELLEE BY INCLUDING IN ITS NOVEMBER 15, 2016 ENTRY A PROVISION THAT THE ORDER WAS A FINAL APPEALABLE ORDER PREVENTING ANY FUTURE GARNISHMENTS SOLELY BECAUSE COUNSEL FOR APPELLANT DID NOT ATTEND THE GARNISHMENT HEARING."

I

{¶ 8}   In his first assignment of error, appellant claims the trial court erred in dismissing the order and notice of garnishment for failure to prosecute and terminating the wage garnishment.  We agree.

{¶ 9}   R.C. 2716.03 governs commencement of proceeding in garnishment of personal earnings.  Subsection (A) states the following:

(A) Subject to the limitation on the commencement of proceedings

contained in division (B) of section 124.10 of the Revised Code, a

proceeding in garnishment of personal earnings may be commenced after a judgment has been obtained by a judgment creditor by the filing of an affidavit in writing made by the judgment creditor or the judgment creditor's attorney setting forth all of the following:

(1) The name of the judgment debtor whose personal earnings the judgment creditor seeks to garnish;

(2) The name and address of the garnishee who may be an employer of the judgment debtor and who may have personal earnings of the judgment debtor;

(3) That the demand in writing, as required by section 2716.02 of the Revised Code, has been made;

(4) That the payment demanded in the notice required by section 2716.02 of the Revised Code has not been made, and a sufficient portion of the payment demanded has not been made to prevent the garnishment of personal earnings as described in section 2716.02 of the Revised Code;

(5) That the affiant has no knowledge of any application by the judgment debtor for the appointment of a trustee so as to preclude the garnishment of the judgment debtor's personal earnings;

(6) That the affiant has no knowledge that the debt to which the affidavit pertains is the subject of a debt scheduling agreement of a nature that precludes the garnishment of the personal earnings of the judgment debtor under division (B) of this section.

{¶ 10} Appellee failed to answer or otherwise plead to the complaint. As a result, default judgment was granted on September 16, 2016. On October 12, 2016, appellant's counsel filed the required affidavit pursuant to R.C. 2716.03(A) and the required demand letter pursuant to R.C. 2716.02. Both had been sent to appellee via regular mail as evidenced by a certificate of mailing stamped September 20, 2016. On October 12, 2016, the trial court issued an order and notice of garnishment to appellee's employer.

{¶ 11} On October 21, 2016, appellee requested a hearing pursuant to R.C. 2716.031(F), challenging the amount of the garnishment. "The hearing shall be limited to a consideration of the amount of the personal earnings of the judgment debtor, if any, that can be used in satisfaction of the debt owed by the judgment debtor to the judgment creditor." R.C. 2716.06(C). A hearing was held on October 31, 2016, wherein appellee appeared pro se and appellant and/or his counsel did not appear. By entry filed November 15, 2016, the trial court dismissed the order and notice of garnishment filed October 12, 2016 "for failure to prosecute," and terminated the wage garnishment. The trial court acknowledged "taking judicial notice of the Court file finds that Attorney Vincent A. Lewis filed on October 27, 2016 an Affidavit in Lieu of Appearance." Said affidavit averred the following:

1. That he is a duly licensed and practicing attorney at law within the State of Ohio;

2. That on or about September 20, 2016, Affiant mailed a 15 day notice to Defendant at the last known address, as required by law;

3. That on or about October 12, 2016, Affiant filed a garnishment against the Defendant in the above-entitled matter;

4. That Defendant has not made a payment pursuant to the 15 day notice previously forwarded to him;

5. That to the best of Affiant's knowledge, the Defendant has not entered into a consumer credit counseling plan, a municipal court trusteeship, or filed their voluntary petition in bankruptcy.

{¶ 12} In dismissing the October 12, 2016 order and notice of garnishment and terminating the wage garnishment, the trial court gave the reason, "for failure to prosecute" without elaboration. Because appellant filed all the required affidavits and notices, we can only assume "failure to prosecute" refers to appellant's counsel's decision to file an affidavit in lieu of appearance. The trial court did not make a finding that appellee met his burden in proving the existence or applicability of an exemption or defense to the garnishment. *Ashtabula County Medical Center v. Douglass,* 8th Dist. Ashtabula No. 1331, 1988 WL 59836 (June 3, 1988).

{¶ 13} As explained by our brethren from the Eighth District in *Ashtabula County Medical Center* at *2:

It must necessarily follow, therefore, that failure of a judgment creditor or his legal counsel to attend the hearing should not result in an automatic finding in favor of the judgment debtor *due only* to the creditor's failure to appear. The judgment debtor must still go forward and meet his

burden of proof. By not appearing at the hearing, the judgment creditor merely waives his right to challenge the claims of the judgment debtor. (Emphasis sic.)

{¶ 14} This same rationale was quoted and adopted by our brethren from the Third District in *Monogram Credit Card Bank of Georgie v. Hoffman,* 3d Dist. Union No. 14-02-24, 2003-Ohio-1578, and followed by this court in *Phoenix Financial Solutions, Inc. v. Gonzales,* 5th Dist. Muskingum No. CT2013-0056, 2014-Ohio-3897.

{¶ 15} Upon review, we find the trial court erred in dismissing the order and notice of garnishment and terminating the wage garnishment as it appears from the record that the trial court's reasoning was solely because appellant's counsel filed an affidavit in lieu of appearance instead of appearing at the hearing.

{¶ 16} Assignment of Error I is granted. Assignment of Error II is moot.

{¶ 17} The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby reversed, and the matter is remanded to said court for further proceedings consistent with this opinion.

By Wise, Earle, J.

Gwin, P.J. and

Wise, John, J. concur.

EEW/sg 519