**[Cite as *Tillimon v. Bailey*, 2020-Ohio-1243.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Duane J. Tillimon

    Appellant

v.

Eddie J. Bailey and Lyn J. Myles

    Appellee

Court of Appeals No. L-19-1072

Trial Court No. CVG-16-11128

**DECISION AND JUDGMENT**

Decided: March 31, 2020

* * * * *

Duane J. Tillimon, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Duane J. Tillimon, appeals from the March 29, 2019 judgment of the Toledo Municipal Court, Housing Division, rejecting appellant's objections to the magistrate's decision and adopting the magistrate's decision. For the reasons which follow, we reverse.

{¶ 2} On appeal, appellant asserts three assignments of error:

1. THE TRIAL COURT COMMITTED REVERSABLE [SIC] ERROR, AND ABUSED ITS [SIC] DISCRETION, BECAUSE THE JUDGMENT ENTRY AFFIRMING THE MAGISTRATE'S RECOMMENDATION AND DENYING THE APPELLANT'S OBJECTION AND REQUEST FOR A HEARING, AND THE MAGISTRATE'S RECOMMENDATION ITSELF, ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE THAT WAS BEFORE THE TRIAL COURT AT THE TIME OF THE MAGISTRATE'S RECOMMENDATION.

2. THE TRIAL COURT COMMITTED REVERSABLE [SIC] ERROR, AND ABUSED ITS [SIC] DISCRETION, WHEN IT DENIED THE APPELLANT'S REQUEST FOR A HEARING ON HIS OBJECTION TO THE MAGISTRATE'S RECOMMENDATION.

3. THE TRIAL COURT COMMITTED REVERSABLE [SIC] ERROR, AND ABUSED ITS [SIC] DISCRETION, BY DENYING THE MOTION FOR A STAY OF EXECUTION PENDING THE APPEAL.

{¶ 3} Appellant is the former landlord and current judgment creditor of appellee, Eddie J. Bailey and Lyn J. Myles. On January 13, 2017, appellant obtained a $1,376.57 money judgment against Bailey and Myles, plus statutory interest of 3 percent per annum, commencing January 13, 2017, and court costs. On appeal, we reversed the

2.

findings of the municipal court and found that appellant was owed a total of $4,899.44. *Tillimon v. Myles and Bailey*, 6th Dist. Lucas No. L-17-1032, 2018-Ohio-434, ¶ 42.

{¶ 4} Appellant garnished the wages of Myles and Bailey and seized other assets in an attempt to satisfy the money judgment pursuant to R.C. 2716.01. Appellant alleges that in December 2018, he determined the court records indicated $968.58 had been garnished and was being held by the clerk of courts, an amount which would satisfy the judgment in full. Prior to receiving a final distribution check, appellant filed a praecipe for release of the wage garnishment orders against Bailey's employers on December 14, 2018. Appellant did not file a satisfaction entry because appellant had not yet received the money from the court. The garnishments were released on December 17, 2018. However, on December 27, 2018, the municipal court clerk returned the final garnished wages to Bailey. Appellant asserts he contacted Bailey and attempted to convince him to return the funds. When Bailey received the check, however, he cashed the check and kept the money.

{¶ 5} On January 15, 2019, appellant refiled the wage garnishments against Bailey naming both employers as garnishees. Appellant attested he is a judgment creditor, the "probable total amount" of the unpaid judgment is $990.32, and demanded garnishment of Bailey's personal wages. On January 22, 2019, the municipal court found the affidavit satisfactory and ordered Bailey to provide the garnishment information. Bailey requested a hearing without stating a reason. The hearing was held on February 20, 2019, and only Bailey attended. Appellant asserts on appeal that he did not attend because he believed

3.

the only issue to be determined was whether Bailey's wages were exempt from garnishment. Appellant knew there could be no basis for this finding because garnishment had been in effect in 2018.

{¶ 6} However, at the hearing, Bailey told the magistrate that the judgment had been paid in full based on Bailey's garnishment records, he was continuing to be garnished, and appellant was trying to get more money. The garnishee's interim report indicated that $205.17 had already been garnished as of February 2, 2019, under the second garnishment order. Bailey presented his pay stub indicating that $5,057.41 had been garnished in 2018. Based on Bailey's statements and his documentation, the magistrate found the first garnishment had been released and Bailey had paid the debt in full. Therefore, the magistrate ordered the clerk to release the garnished funds of $251.36 to Bailey.

{¶ 7} On February 21, 2019, appellant filed his affidavit attesting the balance due on the judgment was $992.14. Appellant also filed objections to the magistrate's recommendation on the ground that it was based on perjured testimony. Appellant asserted he had not received any disbursements since November 27, 2018, and that the final amount due on the judgment, $968.58, had been collected under the prior garnishment order but erroneously disbursed to Bailey by the clerk on December 27, 2018. Bailey filed a response asserting he was not responsible for the court's recordkeeping and he had never received notice from the municipal court that an error had been made.

4.

**{¶ 8}** On March 29, 2019, the municipal court approved the magistrate's recommendation. The municipal court found that by failing to attend the hearing on the garnishment of Bailey's wages, appellant waived his right to challenge the claims of the judgment debtor. Appellant sought a stay of execution, but it was denied.

**{¶ 9}** In his first assignment of error, appellant argues the municipal court abused its discretion by approving the magistrate's decision when the findings are contrary to the manifest weight of the evidence.

**{¶ 10}** When a trial court considers objections to a magistrate's decision, the trial court must "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). The trial court has a responsibility "'to critically review and verify to its own satisfaction the correctness of [a magistrate's decision].'" *Shelly Materials, Inc. v. City of Streetsboro Planning & Zoning Comm.*, Slip Opinion No. 2018-0237, 2019-Ohio-4499, ¶ 24, quoting *Normandy Place Assocs. v. Beyer*, 2 Ohio St.3d 102, 105, 443 N.E.2d 161 (1982). On appeal, an appellate court applies an abuse of discretion standard of review. *A.D., nka B. v. S.P.*, 6th Dist. Huron No. H-18-007, 2019-Ohio-653, ¶ 13. Rendering a decision which is "arbitrary, unreasonable, or unconscionable" constitutes an abuse of discretion. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 11}** Pursuant to R.C. 2716.06(C), if a judgment debtor disputes the judgment creditor's right to garnish personal earnings, because such earnings are exempt or the

5.

order is improper, the debtor can request a hearing. At the hearing, the debtor must prove the garnishment is unlawful. *Id*. The scope of the hearing is limited to the issue of the amount of personal earnings which can be used in satisfaction of the debt owed to the judgment creditor. *Id.*; *Credit Invests., Inc. v. Addis*, 2d Dist. Montgomery No. 26081, 2014-Ohio-4249, ¶ 6, citing *Merchants Acceptance, Inc. v. Bucholz,* 2d Dist. Montgomery No. 24425, 2011-Ohio-5556, ¶ 31-33. While the debtor cannot challenge the underlying debt, the debtor can assert any reason for disputing the creditor's right to garnish the funds. R.C. 2716.06(C). The debtor can assert the debt has been satisfied. *Ashtabula Cty. Med. Ctr. v. Douglass*, 11th Dist. Ashtabula No. 1331, 1988 WL 59836, *2 (June 3, 1988). The creditor, who does not appear and present contrary evidence, waives the right to challenge the debtor's claims of exemption or that the debt has been satisfied. *Phoenix Fin. Sols., Inc. v. Gonzales*, 5th Dist. Muskingum No. CT2013-0056, 2014-Ohio-3897, ¶ 11.

{¶ 12} However, there is no requirement under R.C. 2716 that the judgment creditor attend the hearing. *Id.*, citing *Ashtabula*; *Springleaf Fin. Servs. of Ohio, Inc. v. Bayly*, 5th Dist. Guernsey No. 16-CA-26, 2017-Ohio-5546, ¶ 15; *Monogram Credit Card Bank of Georgia v. Hoffman,* 3d Dist. Union No. 14-02-24, 2003-Ohio-1578, ¶ 13. Therefore, a garnishment and debt cannot be released simply because the creditor did not appear. *Springleaf*.

{¶ 13} In this case, appellant alleged that the magistrate did not properly consider the evidence because the evidence in the record indicated that the debt was owed despite

6.

Bailey's assertions. First, the record included the clerk's disbursement record, which indicated that while $5,869.49 had been garnished, only $4,900.91 was disbursed to appellant and $968.58 had been returned to Bailey. Second, although appellant had released the first garnishment, he had not filed a satisfaction of the judgment. Third, appellant had initiated a second garnishment order and attested the debt was owed, he had good reason to believe the garnishment was proper, and the debtor's wages were not exempt. Therefore, it was clear that while $5,870.48 had been garnished from Bailey's wages, those funds had not been properly disbursed to appellant to satisfy the judgment. The record did not support Bailey's assertions.

{¶ 14} We find, in light of the objections and the court records, that the municipal court abused its discretion when it affirmed the magistrate's decision. While the magistrate could have been misled by the confusion in the record, appellant's objections sufficiently identified the clerk's error so that the municipal court could have determined from the record that the debt had not been satisfied and that the reinstatement of the garnishment was necessary to correct the clerk's error. Therefore, we find appellant's first assignment of error well-taken.

{¶ 15} In his second assignment of error, appellant argues the municipal court abused its discretion by denying his request for a hearing on his objections to the magistrate's decision in order to take testimony to determine if Bailey committed perjury. Civ.R. 53(D)(4)(d) provides that when the trial court considers the objections of a party to the magistrate's order, it "may hear additional evidence but may refuse to do so unless

7.

the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate." There is no requirement that the trial court hold a hearing before ruling on the objections.

{¶ 16} Since all of the information needed to rule on the objections was before the municipal court, we find the trial court did not abuse its discretion by refusing to hold an evidentiary hearing before ruling on the motion. Appellant's second assignment of error is not well-taken.

{¶ 17} In his third assignment of error, appellant argues the trial court abused its discretion by denying his motion for a stay of execution pending appeal.

{¶ 18} Civ.R. 62(B) and App.R. 7 govern the procedure for obtaining a stay of a judgment pending appeal. After the trial court denied appellant's motion for a stay filed pursuant to App.R. 7, appellant could have sought a stay in the court of appeals. App.R. 7(A). Because appellant did not, we find he has waived any error of the trial court in failing to grant his request for a stay. Therefore, appellant's third assignment of error is not well-taken.

{¶ 19} Having found that the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the judgment of the Toledo Municipal Court, Housing Division, is reversed. This matter is remanded for proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed<br>and remanded.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.       _____
                                                 JUDGE

Arlene Singer, J.      

                                               _____
Thomas J. Osowik, J.                                         JUDGE
CONCUR.

                                               _____
                                                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.