[Cite as *Autovest, L.L.C. v. Parr*, 2025-Ohio-1623.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| AUTOVEST, LLC, | : | JUDGES: |
| | : | Hon. Andrew J. King, P.J. |
| Plaintiff - Appellant | : | Hon. Robert G. Montgomery, J. |
| | : | Hon. Kevin W. Popham, J. |
| -vs- | : | |
| | : | |
| TRACY PARR, | : | Case No. 2024CA00181 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County
Common Pleas Court, Case No.
2000CV00974

JUDGMENT:      Affirm in Part, Reverse in Part and
Remand in Part

DATE OF JUDGMENT:      May 5, 2025

APPEARANCES:

For Plaintiff-Appellant                                For Defendant-Appellee

BRAD A. COUNCIL                                      None
Slovin & Associates Co., LPA
2060 Reading Rd., Suite 420
Cincinnati, OH   45202

*Montgomery, J.*

**STATEMENT OF THE FACTS AND THE CASE**

**{¶1}** Huntington National Bank ("Huntington") and Appellee entered into a Personal Loan Agreement. Huntington filed a Complaint in the Stark County Court of Common Pleas on April 18, 2000, alleging Appellee had defaulted on the loan. Huntington filed a Motion for Default Judgment on July 31, 2000. The trial court issued a Journal Entry of Default Judgment in favor of Huntington in the amount of $13,296.14, plus accrued interest, on August 2, 2000.

**{¶2}** Appellant filed a Notice of Court Proceedings to Collect Debt with the trial court on February 12, 2024. Appellee filed a request for hearing and a hearing was held on April 18, 2024. Prior to the scheduled hearing, Appellant filed a Motion to Appear by Affidavit In Lieu of Appearance. Even though said Motion was not granted by the trial court, Appellant failed to appear at the April 18, 2024 hearing. Appellee appeared at the hearing and the trial court issued its Judgment Entry Dismissing Garnishment and Ordering Return of Funds on Deposit on October 31, 2024. Appellant filed a timely Notice of Appeal. No transcript of the trial court hearing was filed with this Court.

**{¶3}** Appellant asserts the following assignments of error:

"I. THE TRIAL COURT ERRORED BY REQUIRING A GARNISHMENT AFFIDAVIT PURSUANT TO R.C. 2716.031(A) TO BE FILED ANNUALLY EVEN IF NO GARNISHMENT ORDER WAS PENDING.

II. THE TRIAL COURT ERRORED IN AMENDING THE JUDGMENT INTEREST RATE AT A GARNISHMENT HEARING AND ERRORED BY STAYING THE ACCRUAL OF POST JUDGMENT INTEREST."

## ANALYSIS

{¶4} This case arose out of a default judgment granted to Huntington on August 2, 2000, against Appellee.

{¶5} Appellant states in its brief that the judgment issued to Huntington was assigned to Appellant on July 26, 2006. *Appellant Brief*, p. 6. However, after review of the trial court's docket, this Court can find no documents filed in this case on that date.

{¶6} Counsel for Appellant filed a Notice of Assignment of Judgment on January 23, 2013. The *Notice* states, "HUNTINGTON NATIONAL BANK has acquired the rights to the judgment in this matter from AUTOVEST, LLC and is now the new Plaintiff. Plaintiff requests that the court records reflect the new plaintiff as HUNTINGTON NATIONAL BANK." This document was signed and filed by counsel for Appellant.

{¶7} Appellant, through counsel, filed an Affidavit and Order of Garnishment, along with Notice to the Judgment Debtor on February 12, 2024. The affidavit filed by Appellant states in part:

> The undersigned, first duly cautioned and sworn, deposes that I am the attorney for the Judgment Creditor herein, and that said Judgment Creditor on August 2, 2000, duly recovered or certified a judgment in the Stark County Common Pleas Court against the Judgment Debtor named above.

{¶8} The trial court found Huntington, not Appellant, to be the judgment creditor and real party in interest. *Judgment Entry*, p. 2. The trial court ruled that the garnishment order procured on February 12, 2024, was obtained based on an apparently false affidavit and dismissed the garnishment initiated by Appellant. *Id.*

{¶9} Appellant's brief fails to address the January 13, 2013 Assignment or reference any existing documentation that Appellant is the current judgment creditor.

{¶10} This Court finds that the trial court properly dismissed the Court Order and Notice of Garnishment filed herein on February 12, 2024.

{¶11} Appellant states in its brief that the trial court erred by requiring a garnishment affidavit pursuant to R.C. 2716.031(A) to be filed annually even if no garnishment order was pending. We agree that Appellant was not required to file an annual affidavit in accordance with R.C. 2716.031(A).

{¶12} The trial court found that an affidavit of current balance due pursuant to R.C. 2716.031 is required when filing an Affidavit and Order of Garnishment. R.C. 2716.031 (A) states, "The judgment creditor or judgment creditor's attorney shall file with the court, the garnishee, and the judgment debtor an affidavit of current balance due on garnishment order that contains the current balance due on the order. The judgment creditor or attorney shall file the affidavit on an annual basis".

{¶13} The trial court ruled, and this Court agrees that Appellant is not the current judgment creditor. This Court finds that only a judgment creditor has a duty to comply with R.C. 2716.031. Therefore, Appellant has no duty to comply with R.C. 2716.031. This Court makes no finding as to whether an annual affidavit in accordance with the aforementioned section would have been required if Appellant was in fact the judgment creditor.

{¶14} Appellant argues that the trial court incorrectly terminated the garnishment due to the failure to file an affidavit pursuant to R.C. 2716.031(A) prior to the initiation of garnishment proceedings. As previously stated, Appellant has no duty to comply with R.C.

2716.031 since it is not the current judgment debtor. As previously stated, the trial court properly dismissed Appellant's garnishment order and therefore makes no finding with regard the court's finding of noncompliance with R.C. 2716.031.

{¶15} Appellant also argues that the trial court erred in ruling that, "[no] further garnishments of any kind shall be accepted for filing in this matter unless accompanied by an Affidavit or Current Balance Due pursuant to R.C. 2716.031 together with all required statutory notices and forms." *Judgment Entry Dismissing Garnishment and Ordering Return of Funds on Deposit*, p. 10.

{¶16} App.R. 16(A) requires an Appellant's brief to include, "An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Appellant's brief cites no authority for his argument that a trial court is without authority to make the preceding order. Appellant's brief makes statements in support of his argument but fails to cite case law or relevant statutes to support his argument. Therefore, Appellant's argument is dismissed.

{¶17} Appellant argues that the trial court errored is assessing poundage as court costs against Appellant. We agree.

{¶18} Appellant argues that R.C. 311.17 states that poundage can only be assessed against the judgment debtor. Appellant is not a judgment debtor.

{¶19} This Court finds that the assessment of poundage in this case was improper.

**{¶20}** Appellant further argues that the trial court erred in amending the judgment interest rate at a garnishment hearing and errored by staying the accrual of post judgment interest. This court agrees.

**{¶21}** R.C. 2716.06(C) states, "The hearing shall be limited to a consideration of the amount of the personal earnings of the judgment debtor, if any, that can be used in satisfaction of the debt owed by the judgment debtor to the judgment creditor."

**{¶22}** *Tillimon v. Bailey*, 2020-Ohio-1243, discussed the scope of a hearing held pursuant to R.C. 2716.06. The court in *Tillimon* found, "The scope of the hearing is limited to the issue of the amount of personal earnings which can be used in satisfaction of the debt owed to the judgment creditor." *Id.*, ¶ 11.

**{¶23}** The trial court addressed the issue of the interest rate of the underlying debt at the garnishment hearing. The trial court ruled that, "[the] interest on the underlying judgment should have been accruing at the statutory rate, and any future calculation of amount due that may be filed by Plaintiff shall calculate post-judgment interest at the statutory rate." *Judgment Entry*, p. 5.

**{¶24}** The garnishment hearing should have been limited to a consideration of Appellee's personal earnings. The trial court was without statutory authority to address the interest rate owed on the underlying debt.

## CONCLUSION

**{¶25}** Based on the foregoing, this Court affirms the trial court's Judgment Entry Dismissing Garnishment and Ordering Return of Funds on Deposit in part, reverses in part and remands in part.

**{¶26}** This Court affirms the trial court's dismissal of the garnishment initiated by Appellant on February 12, 2024.

**{¶27}** This Court further finds that Appellant is not the current judgment debtor and has no duty to comply with R.C. 2716.031.

**{¶28}** This Court affirms the trial court's order to return the wage garnishments on deposit to Appellee.

**{¶29}** This Court reverses the trial court's order that any future calculation of the underlying judgment shall be calculated at the statutory rate.

**{¶30}** This Court finds the trial court improperly applied poundage to Appellant and remands the case to the trial court on the sole issue of assessment of court costs.

By: Montgomery, J.

King, P.J. and

Popham, J. concur.