[Cite as *Credit Invests., Inc. v. Addis*, 2014-Ohio-4249.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

CREDIT INVESTMENTS, INC., :
Assignee of Premier Ladies Fitness Ctr. : Appellate Case No. 26081
:
    Plaintiff-Appellant : Trial Court Case No. 07-CVF-849
:
v. :
: (Civil Appeal from
JACQUELINE N. ADDIS :  Miamisburg Municipal Court)
:
    Defendant-Appellee :
:

. . . . . . . . . . .

O P I N I O N

Rendered on the     26th     day of     September    , 2014.

. . . . . . . . . . .

MARK BRNCIK, Atty. Reg. #0089134, JAMES Y. OH, Atty. Reg. #0070325, and STEPHANIE GILLEY, Atty. Reg. #0083825, Javitch, Block & Rathbone, LLC, 1100 Superior Avenue, 19th Floor, Cleveland, Ohio 44114
    Attorney for Plaintiff-Appellant

JACQUELINE N. ADDIS, 730 Richards Street, Miamisburg, Ohio 45342
    Defendant-Appellee, *pro se*

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Credit Investments, Inc. appeals from the trial court's order denying it garnishment of appellee Jacqueline Addis's wages and vacating a default judgment against her.

{¶ 2} Credit Investments advances two assignments of error. First, it contends the trial court erred in consolidating the present case with two related cases, vacating a default judgment against Addis, ordering the return of previously garnished funds, and directing her credit records to be corrected. Credit Investments maintains that the trial court lacked authority to take the foregoing actions in the context of a statutory garnishment hearing. Second, Credit Investments claims the trial court erred in vacating the default judgment against Addis where none of Civ.R. 60(B)'s requirements were satisfied.

{¶ 3} The present appeal stems from a dispute between Addis and Premier Ladies Fitness Center over membership fees at the health club. As Premier's assignee, Credit Investments sued Addis in April 2007 for non-payment of fees allegedly due under a membership agreement and promissory note. (Doc. #2). In June 2007, Credit Investments moved for default judgment on the complaint. (Doc. #4, 5). The trial court sustained the motion and entered judgment against Addis in the amount of $400.02 plus interest. (Doc. #6). In December 2012, Credit Investments moved to revive the dormant judgment. (Doc. #7). The trial court sustained the motion and revived the judgment in June 2013. (Doc. #9). Shortly thereafter, Credit Investments pursued garnishment to satisfy its judgment. In connection with that effort, the trial court sent Addis a notice advising her of her right to a garnishment hearing. (Doc. #10). The notice included the following statement: "NO OBJECTIONS TO THE JUDGMENT ITSELF WILL BE HEARD OR CONSIDERED AT THE HEARING. The hearing will be limited to a consideration of the amount of your personal earnings, if any, that can be used in satisfaction of the judgment you owe to the creditor." (*Id*.). Addis made a written request for a garnishment hearing, albeit well beyond the time allowed for doing so. (Doc. #11). In any event, the trial court scheduled a garnishment hearing for January 7, 2014. (Doc. #12). One day before the scheduled

hearing, Credit Investments filed an affidavit in lieu of an appearance. (Doc. #13).

{¶ 4}     The next entry in the record is the trial court's January 8, 2014 "order denying plaintiff's garnishment and vacating judgment" from which Credit Investments has appealed. The order reads:

Upon defendant's motion requesting a garnishment hearing, and upon the courts [sic] own motion, these three cases are consolidated being the same plaintiff's [sic] and the same defendant in 07CVF00849, 08CVF02309, and 10CVH0685.

It appears that on July 28, 1996, Defendant Jacqueline N. Addis entered into an agreement to be a member of Premier Ladies Fitness Center. The next day, she rescinded that agreement with [sic] the statutory time period and never made any payments to Premier Ladies Fitness Center. Shortly thereafter, Premier Ladies Fitness filed bankruptcy. The trustee then sold the alleged debt to Credit Investments Inc. Credit Investments Inc. have [sic] attempted to collect the money against the defendant in all three cases but obtained a default judgment in case no. 07CVF00849. Then the plaintiff later moved to revive that judgment that had become dormant. Defendant has appeared in court repeatedly to correct this error from an alleged promissory note.

This court HEREBY sets aside the original judgment in this case and finds that the defendant does not owe the plaintiff any money and asks that her credit reports be corrected to reflect that there is no outstanding debt owed by the defendant to Premier Ladies Fitness or Credit Investments Inc. Any funds

collected from any garnishment shall be returned to the defendant.

(Doc. #14).

{¶ 5}     In its first assignment of error, Credit Investments contends the trial court erred in taking actions not permitted in the context of a garnishment hearing under R.C. 2716.06. It claims the only issue properly before the trial court was the amount of Addis's personal earnings, if any, that could be used to satisfy the judgment against her. In its second assignment of error, Credit Investments claims the trial court effectively granted Addis Civ.R. 60(B) relief without any of the requirements for such relief being met. For her part, Addis has filed a pro se, one-page letter asserting her belief that she does not owe Premier Ladies Fitness or Credit Investments any money.

{¶ 6}     Having reviewed the record and applicable law, we agree with Credit Investments that the trial court procedurally erred in vacating the default judgment, finding that Addis does not owe any money, ordering the return of previously garnished funds, and directing her credit records to be corrected.[1] The matter pending before the trial court at the time of its order was Addis's request for a garnishment hearing. This court has recognized that garnishment proceedings are governed by statute and that under R.C. 2716.06(C) a garnishment hearing "shall be limited to a consideration of the amount of the personal earnings of the judgment debtor, if

---

[1]Although Credit Investments also makes a passing reference to the trial court consolidating the present case with two others, we see no error or prejudice to Credit Investments as a result of that act. The two other cases, which are part of the record before us, involve complaints by Credit Investments against Addis seeking to recover the same debt at issue in this case, using the exact same membership agreement as an exhibit, for which they already had an existing judgment. Case # 08CVF0239 was filed 10/8/2008 and case # 10CVH00685 was filed 4/6/2010.   Shortly after filing these other cases, Credit Investments dismissed each of them without prejudice. This practice appears sloppy at best and shameful at worst, but it does lend credence to Addis' argument that over the years, when she was notified the case had been revived, she contacted the court only to be told that the case had been dismissed, so she did nothing further at that time.

any, that can be used in satisfaction of the debt owed by the judgment debtor to the judgment creditor." *Merchants Acceptance, Inc. v. Bucholz*, 2d Dist. Montgomery No. 24425, 2011-Ohio-5556, ¶ 31. In *Merchants Acceptance*, this court recognized that a statutory garnishment hearing is not a proper vehicle for relitigating the underlying judgment. In fact, we held that a trial court lacks jurisdiction to vacate the underlying judgment in the context of a garnishment hearing. *Id.* at ¶ 31-33. Therefore, to the extent that the trial court was acting on Addis's motion for a garnishment hearing, it erred in vacating the default judgment, finding that Addis does not owe any money, ordering the return of previously garnished funds, and directing her credit records to be corrected.[2] The first assignment of error is sustained to that extent.

{¶ 7} The trial court's order also indicates that it was acting on "[its] own motion" when it vacated the default judgment. But absent a Civ.R. 60(B) motion for relief from judgment, a trial court lacks authority to vacate a final judgment. Such relief cannot be granted sua sponte. *Bank of America v. Bruggeman*, 2d Dist. Montgomery No. 25763, 2014-Ohio-1273, ¶ 16; *Kopp v. Begley*, 2d Dist. Miami No. 2004 CA 28, 2005-Ohio-1210, ¶ 18.

{¶ 8} Despite claiming to be acting on its own motion, it appears the trial court actually may have construed Addis's written request for a garnishment hearing as separately seeking Civ.R. 60(B) relief. Addis's written request stated: "I would like to request a hearing. I am disputing this **debt**/garnishment." (Doc. #11) (emphasis added). If this filing constituted a joint

---

[2]Parenthetically, we note that the trial court responded to Credit Investments' praecipe for a transcript of the January 7, 2014 garnishment hearing by stating that no hearing actually was held. In a February 13, 2014, written response, the trial court stated: "THE COURT FINDS there was not a hearing held on January 7, 2014 in this matter, as the files for case numbers 07CVF00849, 08CVF02309, and 10CVH00685 were thoroughly reviewed in chambers and the Court's decision was rendered accordingly." Regardless of whether the trial court actually held an oral or evidentiary hearing, its order on appeal states that it was acting "[u]pon defendant's motion requesting a garnishment hearing[.]" (Doc. #14).

request for a garnishment hearing *and* for relief under Civ.R. 60(B), then the trial court did have jurisdiction to consider granting relief from judgment. Nevertheless, we find a remand necessary for three reasons: (1) we are uncertain whether the trial court in fact was treating Addis's written request as a motion for Civ.R. 60(B) relief; (2) if so, the trial court must give Credit Investments proper notice and an opportunity to be heard on the Civ.R. 60(B) issue before vacating the default judgment; and (3) the judgment on appeal contains no mention or analysis of the requirements for Civ.R. 60(B) relief or whether Addis satisfied those requirements. Although Credit Investments claims none of the requirements for relief from judgment have been met, the trial court is best positioned to resolve that issue in the first instance on remand. Accordingly, Credit Investments' second assignment of error is overruled.

{¶ 9} The trial court's judgment is reversed as to vacating the default judgment in the context of a garnishment hearing, and the matter is remanded for further proceedings regarding Civ.R. 60(B) relief.

. . . . . . . . . . . . .

FROELICH, P.J., and WELBAUM, J., concur.

Copies mailed to:

Mark Brncik
James Y. Oh
Stephanie Gilley
Jacqueline N. Addis
Hon. Robert W. Rettich, III