[Cite as *Troy Twp. Bd. of Trustees v. Lawson*, 2017-Ohio-7216.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF TROY TOWNSHIP, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| BENJAMIN D. LAWSON, ET AL., | : | Case No. 17-COA-003 |
| | : | |
| Defendants - Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Ashland County
                             Court of Common Pleas, Case No.
                             09-CIV-229


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            August 11, 2017


APPEARANCES:

For Plaintiff-Appellee                  For Defendants-Appellants

CHRISTOPHER R. TUNNELL                  BENJAMIN D. LAWSON
Ashland County Prosecutor               FRANCES P. LAWSON
                                        384 Twp Rd. 1031
By: MICHAEL D. DONATINI                 Nova, Ohio 44859
Assistant Prosecuting Attorney
110 Cottage St., 3rd Fl.
Ashland, Ohio  44805

*Baldwin, J.*

{¶1}   Defendant-appellants Benjamin D. Lawson and Frances P. Lawson appeal from the January 25, 2017 Judgment Entry of the Ashland County Court of Common Pleas finding them in contempt.

STATEMENT OF THE FACTS AND CASE

{¶2}   On May 19, 2009, appellee Board of Trustees of Troy Township filed a complaint against appellants Benjamin D. Lawson and Frances P. Lawson, seeking to enforce the township Zoning Resolution. Appellee, in its complaint, alleged that appellants had located and maintained mobile offices on their property and had not obtained a zoning certificate for the same in violation of Section 801 of the Troy Township Zoning Resolution. Appellee further alleged that appellants had violated Section 511 of the Zoning Resolution because the mobile offices were in a dilapidated and deteriorated condition that constituted a nuisance and that appellants were using their property in a manner that violated sections 301(3) and 417 of the Zoning Resolution because the mobile office units did not meet the criteria for manufactured or modular homes. Finally, in their complaint, appellee alleged that appellants were keeping junk items on their property in violation of Section 502 of the Zoning Resolution. Appellants filed a pro se answer on May 28, 2009. Appellants, in their answer, cited to R.C. 303.21, which exempts agricultural uses from countywide zoning under certain circumstances.

{¶3}   Appellee, on October 1, 2009, filed a Motion for Judgment on the Pleadings pursuant to Civ.R. 12(C). Appellants filed a memorandum in opposition to the same on October 8, 2009, citing to R.C. 303.21. Appellee filed a reply on October 15, 2009. The trial court, pursuant to a Judgment Entry filed on February 8, 2010, denied such motion.

**{¶4}**   A mediation conference was held on July 14, 2010 and the case was settled. The parties' Settlement Agreement was attached to the Mediation Status Report that was filed on July 15, 2010. An Agreed Judgment Entry dismissing the case was filed on October 6, 2010.

**{¶5}**   Thereafter, on October 13, 2015, appellee filed a Motion to Show Cause, alleging that appellants were in contempt for failing to comply with the July 14, 2010 settlement. A hearing on the motion was held on December 11, 2015. As memorialized in a Judgment Entry filed on January 25, 2017, the trial court found that appellants had failed to comply with the Settlement Agreement and found them in contempt. The trial court granted appellants time to purge their contempt.

**{¶6}**   Appellants now appeal from the trial court's January 25, 2017 Judgment Entry, raising the following assignments of error on appeal:

**{¶7}**   I. BENJAMIN LAWSON AND FRANCES LAWSON SHALL IMMEDIATELY BEGIN TO REMOVE ALL HALF STRUCTURES SITUATED ON THE PREMISES SITUATED AT 384 TOWNSHIP RD. NOVA OHIO, AND SHALL COMPLETE SUCH REMOVAL ON OR BEFORE MAY 1, 2017.

**{¶8}**   II. BENJAMIN D. LAWSON AND FRANCES LAWSON SHALL IMMEDIATELY BEGIN TO FULLY CONSTRUCT THE RESIDENCE LOCATED AT 384 TOWNSHIP RD 1031 NOVA OHIO, SHALL COMPLETE SUCH CONSTRUCTION BEFORE JUNE 15, 2017, AND DO SO IN ACCORDANCE WITH THE PLANS INCLUDED WITH THE TROY TOWNSHIP BOARD OF ZONING APPEALS APPLICATION (INCLUDING WITHOUT LIMITATION, A PITCHED ROOF, A BRICK FACADE AND A FOUNDATION).

{¶9} III. BENJAMIN LAWSON AND FRANCES LAWSON SHALL ON OR BEFORE JUNE 30, 2017 PLANT PINE TREES ALONG SOUTH AND EAST SIDES OF THE 384 TOWNSHIP ROAD 1031 NOVA OHIO PROPERTY, AND SHALL MAINTAIN OR REPLACE ANY OF SAID TREES AS REQUIRED.

I, II, III

{¶10} Appellants, in their three assignments of error, do not specifically challenge the trial court's contempt finding against them. Rather, appellants specifically contend that under R.C. 519.21, appellee had no power to prohibit "the use of any land for agricultural purposes or the construction or use of buildings or structures incident to the use for agricultural purposes of the land on which such buildings or structures are located,.." and that they were using their land and/or structures on their land for agricultural purposes. Appellants further argue that, by ordering them to plant pine trees, appellee denied them the rightful enjoyment of their farm.

{¶11} The trial court, in its January 25, 2017 Judgment Entry, ordered, in part, that, in order to purge themselves of contempt, appellants were required to do the following:

{¶12} 1. Benjamin D. Lawson and Frances Lawson shall immediately begin to remove all half structures situated on the premises located at 384 Township Road 1031, Nova, Ohio, and shall complete such removal on or before May 1, 2017;

{¶13} 2. Benjamin D. Lawson and Frances Lawson shall immediately begin to fully construct the residence located at 384 Township Road 1031, Nova, Ohio, shall complete such construction on or before June 15, 2017, and shall do so in accordance

with the plans included with the Troy Township Board of Zoning Appeals application (including, without limitation, a pitched roof, a brick facade and a foundation);

**{¶14}** Benjamin D. Lawson and Frances Lawson shall, on or before June 30, 2017, plant pine trees along the south and east sides of the 384 Township Road 1031 Nova, Ohio property, and shall maintain or replace any of said trees as required, through October 1, 2017.

**{¶15}** As noted by appellee, these are the same conditions to which appellants agreed as a condition of the case being settled and dismissed. Had appellants wished to pursue the agricultural use defense or other defenses, they could have declined to settle the case, proceeded to trial and presented evidence. Appellants, however, did not do so and have waived the defenses. "Waiver" is defined as the voluntary relinquishment of a known legal right. *Glidden Co. v. Lumbermens Mut. Cas. Co.,* 112 Ohio St.3d 470, 2006-Ohio-6553, at ¶ 49. By entering into the settlement agreement, appellants affirmatively waived the agricultural use or other defenses.

**{¶16}** Moreover, [w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." Id.

**{¶17}** Appellants have not provided this Court with a transcript of the December 11, 2015 hearing. Without a transcript, we must presume the validity of the trial court's proceedings and affirm.

**{¶18}** Appellants' three assignments of error are, therefore, overruled.

**{¶19}** Accordingly, the judgment of the Ashland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

John Wise, J. concur.