[Cite as *Dept. of Taxation v. Dunlap*, 2018-Ohio-1587.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| DEPARTMENT OF TAXATION | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Craig R. Baldwin, J. |
|  | : | Hon. Earle E. Wise, J. |
| Plaintiff-Appellee | : |  |
|  | : |  |
| -vs- | : | Case No. 2017CA0012 |
|  | : |  |
| ANN E. DUNLAP | : |  |
|  | : | OPINION |
| Defendant-Appellant | : |  |

CHARACTER OF PROCEEDING:     Civil appeal from the Coshocton County Court of Common Pleas, Case No. 2014TL00234

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     April 20, 2018

APPEARANCES:

For Plaintiff-Appellee

DAVID MCDOUGLAS
4725 Grayton Road
Cleveland, OH 44135

For Defendant-Appellant

ANN E. DUNLAP PRO SE
45589 C.R. #55
Coshocton, OH 43812

*Gwin, P.J.*

{¶1}     Appellant appeals the September 25, 2017 judgment entry of the Coshocton County Court of Common Pleas denying her request for oral hearing, sustaining garnishment, and releasing funds to appellee.  Appellee is the State of Ohio Department of Taxation.

## Facts & Procedural History

{¶2}     On August 22, 2014, appellee the State of Ohio Department of Taxation requested the Coshocton County Clerk of Courts enter judgment against appellant Ann Dunlap and record a certificate of judgment in the amount of $7,771.27 for the failure to pay personal income tax.  The judgment in the amount of $7,771.27 was recorded in the Coshocton County Court of Common Pleas on August 22, 2014.

{¶3}     On July 18, 2017, appellee filed a notice and order of garnishment. Appellant filed a request for hearing on the garnishment on July 28, 2017.  On July 28, 2017, the trial court issued a notice of hearing, scheduling a hearing for September 8, 2017 at 2:00 p.m.  The notice stated, "Ann Dunlap has filed a request for hearing the matter will be heard at the above date and time."

{¶4}     Appellant filed a motion for affirmative defense on August 2, 2017, moving for an affirmative defense pursuant to R.C. 5703.38.  Appellee filed a response on August 14, 2017.  Appellant filed an objection to appellee's response on August 21, 2017.

{¶5}     The trial court held a garnishment hearing on September 8, 2017, at which appellant appeared.   The trial court issued a judgment entry after the hearing on September 12, 2017.  It stated, "on September 8, 2017, the Court heard statements from Defendant, Ann Dunlap, regarding the aforementioned pleadings."  The trial court gave

appellant seven days from the date of the hearing, until September 15, 2017, to file written pleadings as to why she objects to the garnishment. The trial court also gave appellee seven days to respond to appellant's pleadings.

{¶6} On September 15, 2017, appellant filed a brief in support of oral hearing, alleging the garnishment was a product of fraud. Appellee filed a brief on September 22, 2017.

{¶7} The trial court issued a judgment entry on September 25, 2017 denying appellant's request for oral hearing, sustaining the garnishment order, and releasing funds to appellee.

*Assignments of Error*

{¶8} Appellant's appellate brief does not comply with Appellate Rule 16. Appellant fails to provide the assignments of error presented for review and a statement of issues presented for review. Compliance with the appellate rules is mandatory. Appellant's failure to comply with Appellate Rule 16 is tantamount to failing to file a brief in this matter. *Beem v. Thorp*, 5th Dist. Licking No. 16-CA-97, 2017-Ohio-2967. Such deficiencies permit this Court to dismiss appellant's appeal. *Id.* Notwithstanding the omission in her brief, in the interests of justice and finality, we review the appeal. *Id.*; *Erdman v. Williams*, 5th Dist. Tuscarawas No. 2012 AP 08 0054, 2013-Ohio-980.

{¶9} As appellant failed to set forth an assignment of error as required by Appellate Rule 16(A)(3), we glean the following assignment from our review of her appellate brief:

{¶10} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN ENTERING THE SEPTEMBER 25, 2017 ORDER."

I.

{¶11} Appellant first contends the trial court erred in entering the September 25, 2017 judgment entry because she was denied a hearing to challenge the garnishment of her wages. We disagree. R.C. 2716.06(C) permits a judgment debtor to receive a hearing on a notice and order of garnishment. Appellant filed a request for hearing on the garnishment. On the same day, the trial court issued a notice of hearing that scheduled a hearing for September 8, 2017. As stated in the trial court's September 12, 2017 judgment entry, the trial court held a hearing on September 8, 2017, hearing statements from appellant. The trial court did permit the parties to file supplemental written pleadings after the hearing; however, it did hold the hearing pursuant to R.C. 2716.06(C) on September 8, 2017.

{¶12} Appellant did not provide this Court with a transcript of the September 8, 2017 hearing for review. "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980); *Bd. of Trustees of Troy Twp. v. Lawson*, 5th Dist. Ashland No. 17-COA-003, 2017-Ohio-7216. Further, "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Id.*

{¶13} Appellant also asserts multiple arguments in the body of her appellate brief as to why the underlying judgment is invalid. Specifically, appellant contends the

underlying judgment was procured via fraud, it is invalid due to the language in R.C. 5703.38, and is invalid because the system of taxation in Ohio is voluntary.

{¶14} R.C. 2716.06(C) permits a judgment debtor to request a hearing for the purpose of disputing the judgment creditor's right to garnish the judgment debtor's personal earnings. However, R.C. 2716.06(C) also provides, "the hearing shall be limited to a consideration of the amount of the personal earnings of the judgment debtor, if any, that can be used in satisfaction of the debt owed by the judgment debtor to the judgment creditor."

{¶15} As to appellant's arguments regarding the underlying judgment, this Court has recognized that a statutory garnishment hearing is not the proper vehicle for re-litigating the underlying judgment. *Graham's Used Car Outlet v. Stutchman*, 5th Dist. Richland No. 14CA18, 2014-Ohio-4807; see also *Merchants Acceptance, Inc. v. Bucholz*, 2nd Dist. Montgomery No. 24425, 2011-Ohio-5556; *Rake-Ree Ents, Inc. v. Timmons*, 10th Dist. Franklin Nos. 10AP476, 10AP-556, 2011-Ohio-1090. Further, that a trial court lacks jurisdiction to vacate the underlying judgment in the context of a garnishment hearing. *Id.* Accordingly, the trial court did not abuse its discretion in entering the September 25, 2017 as it relates to any arguments regarding the underlying judgment.

{¶16} In this case, appellant did not prove the existence or applicability of an exemption to the garnishment at the garnishment hearing. As noted above, because appellant failed to file a transcript of the hearing, we have no choice but to presume the validity of the lower court's proceedings. Accordingly, the trial court did not err in sustaining the garnishment order.

{¶17}   Appellant's assignment of error is overruled.   The September 25, 2017 judgment entry of the Coshocton County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Baldwin, J., and

Wise, Earle, J., concur