[Cite as *Tisdale v. ADP, L.L.C.*, 2021-Ohio-3827.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Eileen Tisdale, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 20AP-521 |
| v. | : | (C.P.C. No. 20CVH-345) |
| ADP, LLC, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on October 28, 2021

**On brief:** *Eileen Tisdale*, pro se. **Argued:** *Eileen Tisdale.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Plaintiff-appellant, Eileen Tisdale, appeals from the November 4, 2020 judgment of the Franklin County Court of Common Pleas which dismissed her complaint against defendant-appellee, ADP, LLC, pursuant to Civ.R. 12(B)(6) for failure to state a claim for relief. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} Appellant's complaint asserts she attended Vanderbilt University from August 1987 to May 1991 but was not awarded a degree. On April 12, 2002, the United States Department of Education ("U.S. Dept. of Edn.") determined that her debt merited a discharge due to falsification of ability to benefit from the training. The attachments to the complaint appear to indicate that the discharge covers only the loan held by U.S. Dept. of Edn., Federal Student Aid, which appellant obtained to attend Vanderbilt University ("Vanderbilt") (Debt No. G199709014372901). U.S. Dept. of Edn. made no determination

regarding any loans held by guaranty agencies, servicers, lenders, or educational institutions.

{¶ 3} On January 17, 2013, Vanderbilt received a judgment for $23,658.40 against appellant in the General Sessions Court for Davidson County, Tennessee.

{¶ 4} On March 4, 2014, appellant was granted a discharge of debts under 11 U.S.C. 727 (Chapter 7) by the United States Southern District of Ohio Court (Petition No. 2:13-bk-59348).

{¶ 5} On January 14, 2020, appellant filed a complaint in the Franklin County Court of Common Pleas seeking lost wages in the amount of $3,586.49 plus $2,000,000 in damages on grounds of "cruel and unusual punishment, harassment and mental cruelty" because appellee, on behalf of her employer Wal-Mart, had been garnishing her wages for a debt to Vanderbilt that appellant contends was discharged. Appellant attached to her complaint a final report and answer of garnishee filed by Walmart; a 2007 letter from the U.S. Dept. of Edn. regarding a loan discharge; a bankruptcy discharge notice from 2014; a copy of the bankruptcy docket and list of creditors; a garnishment stop order; two garnishment payment notices; and a notice of wage withholding.

{¶ 6} On September 30, 2020, the trial court filed a notice of intent to dismiss, pursuant to Civ.R. 12(B)(6), unless appellant demonstrated the inapplicability of R.C. 2716.21(F)(2) to her claims. On November 4, 2020, the trial court sua sponte dismissed appellant's complaint pursuant to Civ.R. 12(B)(6).[1]

## II. Assignments of Error

{¶ 7} Appellant appeals and assigns the following three assignments of error for our review:

[I.] ADP, LLC. acted on three instances against R.C. 2716.041

[II.] ADP, LLC. confirmed the validity of a discharged debt before processing the writ of garnishment.

[III.] ADP, LLC. Acted in "Good Faith" after the Final Report issued May 7, 2019 by restarting the writ of garnishment again on November 23, 2019.

---

[1] Generally, a court may dismiss a complaint on its own motion after the parties are given notice of the court's intention to dismiss and an opportunity to respond. *Bullard v. McDonald's*, 10th Dist. No. 20AP-374, 2021-Ohio-1505, ¶ 10.

(Sic passim.) Since her assignments of error are related, we shall address them together.

**III. Analysis**

{¶ 8} By her assignments of error, appellant contends that appellee has wrongfully been garnishing her wages for a debt that was not valid.

{¶ 9} The trial court dismissed the action, pursuant to Civ.R. 12(B)(6), finding appellant failed to state a claim upon which relief can be granted because R.C. 2716.21 applied to these facts.

{¶ 10} When reviewing a judgment rendered on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, ordinarily an appellate court's standard of review is de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5. A Civ.R. 12(B)(6) motion is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). In considering the motion to dismiss, a trial court may not rely on allegations or evidence outside the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997). The trial court may only consider the complaint itself and certain written instruments attached thereto by the plaintiff. *Cline v. Mtge. Electronic Registration Sys., Inc.*, 10th Dist. No. 13AP-240, 2013-Ohio-5706, ¶ 9.

{¶ 11} A trial court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Morrow v. Reminger & Reminger Co., L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

{¶ 12} Appellant filed her action against appellee seeking lost wages and $2,000,000 in damages on grounds of "cruel and unusual punishment, harassment and mental cruelty" based on the garnishing of her wages. Appellant argued U.S. Dept. of Edn.

discharged the debt to Vanderbilt in 2002, and then the debt was again discharged in bankruptcy in 2014.

{¶ 13} The trial court dismissed the complaint, pursuant to Civ.R. 12(B)(6), finding that R.C. 2716.21(F)(2) prohibited any action for damages against appellee. R.C. 2716.21(F)(2) provides, as follows:

> A garnishee who acts, or attempts to act, in accordance with Chapter 2716. of the Revised Code is not liable for damages in any civil action for any action taken pursuant to that chapter in good faith or any omission made in good faith.

{¶ 14} Appellant contends that appellee did not act in good faith because it was garnishing her wages based on a debt that has been discharged. However, there was no evidence before the trial court that appellee did not act in good faith. While appellant argues that U.S. Dept. of Edn. discharged the debt in 2007, and the letter attached to appellant's complaint indicates that Debt No. G19970901432901, Account No. 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, was discharged, there was no indication that the loan held by Vanderbilt was discharged. The letter specifically provides that the "discharge covers only the loan held by [U.S. Dept. of Edn., Federal Student Aid], which you obtained to attend Vanderbilt. The Department has made no determination with regard to loans held by guaranty agencies, servicers, lenders, or educational institutions." (Compl. Ex. 2.) Thus, the discharge was for a loan held by U.S. Dept. of Edn. only, not any loans held by Vanderbilt. Appellant did not offer any evidence that loans held by Vanderbilt were included in this discharge. Further, Vanderbilt received the judgment against appellant in Tennessee on January 17, 2013. If the loan had been discharged in 2007, Vanderbilt would not have received a judgment against appellant for the repayment.

{¶ 15} Appellant further argues that the loan was discharged in her bankruptcy proceedings in November 2013. Appellant attached a list of creditors that appear to have been sent service of process in the case. However, appellant provided no further evidence as to which debts were discharged. There is no evidence that her student loans were discharged in bankruptcy.[2]

---

[2] We observe that student loans are typically not automatically discharged under Federal Bankruptcy Code 11 U.S.C. 523(a)(8). 11 U.S.C. 523 governs the dischargeability of student loans and provides, as follows:

{¶ 16} Further, we note that the appropriate vehicle to provide a defense or exemption to a garnishment is provided in R.C. Chapter 2716. R.C. 2716.031[3] provides:

> (F) The judgment debtor may receive a hearing in accordance with this division by delivering a written request for a hearing to the clerk of the court within five business days after receipt of the notice provided pursuant to division (E) of this section. The request may set forth the judgment debtor's reasons for disputing the judgment creditor's determination of the current balance due on garnishment order; however, neither the judgment debtor's inclusion of nor the judgment debtor's failure to include those reasons upon the request constitutes a waiver of any defense of the judgment debtor or affects the judgment debtor's right to produce evidence at the hearing. If the request is made by the judgment debtor within the prescribed time, the court shall schedule a hearing no later than twelve days after the request is made, unless the judgment debtor indicated that the judgment debtor believed the need for the hearing was an emergency, in which case the

---

(a) A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title [11 USCS § 727, 1141, 1192, 1228(a), 1228(b), or 1328(b)] does not discharge an individual debtor from any debt—

* * *

(8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for—

(A)

(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or

(ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or

(B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986 [26 USCS § 221(d)(1)], incurred by a debtor who is an individual[.]

Furthermore, case law from the First District Court of Appeals indicates that a student loan is presumed not to be discharged in bankruptcy unless a specific determination of the loan's dischargeability under section 523(a)(8) is made. *See Cadle Co. v. White*, 1st Dist. No. C-980492 (Apr. 16, 1999). A separate written complaint needs to be filed with the bankruptcy court in order to start an adversary proceeding and the debtor must prove undue hardship before a student loan is discharged. In this case, appellant did not provide evidence that the student loan was discharged.

[3] We note that the form to request a hearing outlined in R.C. 2716.06(B) specifically provides that no objections to the judgment itself will be heard or considered at the garnishment hearing. Statutory exemptions to garnishment are set forth in R.C. 2329.66. In some instances, parties pursue procedural or substantive defect related to the garnishment. The trial court does not have the authority to vacate the Tennessee judgment and appellant should have attacked the validity of the judgment in the Tennessee court at the time the judgment was rendered.

court shall schedule the hearing as soon as practicable after the request is made. The court shall send notice of the date, time, and place of the hearing to the parties in accordance with division (H) of this section. The hearing shall be limited to a consideration of the amount of the current balance due on the garnishment order, if any.

{¶ 17} R.C. 2716.06 provides that the judgment debtor should dispute the judgment creditor's right to garnish the wages at a requested hearing by demonstrating an exemption or reason the garnishment is improper.

{¶ 18} Prior to pursuing the instant case, appellant did request a hearing on the garnishment. We take judicial notice of the record in *Creditor Vanderbilt Univ. v. Debtor Tisdale*, Franklin C.P. No. 17JG-069187, in which appellant requested a hearing which was held before a magistrate on May 30, 2018. The magistrate found appellant had not met her burden of proof as to an exemption or defense to garnishment and concluded the garnishment shall proceed. The trial court overruled appellant's objections and adopted the magistrate's decision. The trial court also overruled appellant's "Civ.R. 60(B) motion to vacate" a foreign judgment. On December 3, 2020, a magistrate held another R.C. 2716.13 hearing. Appellant made several arguments as to why the garnishment is improper, including: (1) U.S. Dept. of Edn. discharged the debt in 2007, (2) the debt had been discharged through her bankruptcy filing, (3) the garnishee had filed a letter that the garnishment was improper because the debt was discharged in bankruptcy, (4) since the garnishee filed a final report, the judgment creditor was required to obtain a new judgment before her wages could be garnished, and (5) garnishment was inappropriate and violated her civil rights since she did not gain anything from Vanderbilt, such as a college degree, and Vanderbilt failed to offer any evidence that she owed the debt.

{¶ 19} In its decision rendered December 3, 2020, the magistrate found all of appellant's arguments without merit. The magistrate found appellant failed to provide evidence that the discharge provided in the 2007 letter from U.S. Dept. of Edn. related to the loan and/or debt to Vanderbilt. Further, the magistrate determined she was bound by the trial court's July 16, 2018 ruling overruling appellant's "60(B) motion to vacate the judgment," in which the trial court determined it did not have the authority to vacate the Tennessee judgment against appellant.

{¶ 20} The magistrate found that although Vanderbilt was listed as a creditor in appellant's bankruptcy proceeding, there was no evidence provided that the student loan was discharged in bankruptcy.

{¶ 21} The magistrate also denied appellant's third argument regarding a letter from the garnishee supporting her assertion that the garnishment was improper, and the debt was discharged in bankruptcy. The magistrate ruled that under Ohio law, a garnishee cannot assert an exemption on behalf of the judgment debtor. R.C. 2329.66. The magistrate denied appellant's argument that since the garnishee had filed a final report, Vanderbilt was required to obtain a new judgment against her before her wages could be garnished. The magistrate found that R.C. Chapter 2716 did not support appellant's argument and there was no evidence of a statutory exemption to the garnishment.

{¶ 22} Finally, the magistrate found that appellant did not meet her burden of proof that she did not owe any money or that the judgment was invalid. The trial court adopted the magistrate's decision on December 21, 2020. Appellant asserts several of these same arguments that were addressed and denied at her hearings on May 30, 2018 and December 3, 2020 in Franklin C.P. No. 17JG-069187 which occurred before and during the pendency of this case since she filed her complaint in this case in January 2020.

{¶ 23} Given that there is no evidence of a lack of good faith in appellee's actions, appellee cannot be liable for damages in any civil action. There are no facts consistent with appellant's complaint which would allow appellant to recover, and the trial court did not err in dismissing the action. Appellant's three assignments of error are overruled.

## IV. Conclusion

{¶ 24} For the foregoing reasons, we overrule appellant's three assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and MENTEL, JJ., concur.

————————————