[Cite as *Professional Fin. Servs. of Georgia, L.L.C. v. Washington*, 2025-Ohio-1473.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Professional Financial Services of Georgia, LLC, | : | |
| | : | |
| Creditor-Appellee, | : | No. 24AP-387 |
| | : | (C.P.C. No. 23JG-001159) |
| v. | | |
| | : | (REGULAR CALENDAR) |
| Demetrice S. Washington et al., | : | |
| Debtors-Appellants. | : | |
| | : | |

D E C I S I O N

Rendered on April 24, 2025

**On brief:** *Sottile & Barile*, *LLC*, and *Michelle D. Heinz*, for appellee. **Argued:** *Michelle D. Heinz*.

**On brief:** *Demetrice S. Washington*, pro se. **Argued:** *Demetrice S. Washington*.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, P.J.

{¶ 1} Debtor-appellant, Demetrice S. Washington, appeals a judgment of the Franklin County Court of Common Pleas sustaining the garnishment of Washington's personal wages. For the following reasons, we affirm that judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In 2011, creditor-appellee, Professional Financial Services of Georgia, LLC ("Professional Financial Services"), obtained a judgment from a Georgia magistrate court in the amount of $3,500.65, plus attorney fees and court costs, against Washington. Professional Financial Services filed a copy of the Georgia judgment, along with an affidavit stating Washington's last known address, with the Franklin County Clerk of Courts ("clerk")

on January 10, 2023. Pursuant to R.C. 2923.023, the clerk issued a notice to Washington that the Georgia judgment was filed in the trial court.

{¶ 3} On April 18, 2024, Professional Financial Services initiated garnishment proceedings on its judgment in accordance with R.C. 2716.03. Washington requested a garnishment hearing, which was held on June 5, 2024 before a magistrate. The court record does not contain a transcript of that hearing. However, the magistrate's June 7, 2024 decision reflects that Washington contended at the hearing that the Georgia judgment against her was improper because "she returned the property that [was] the basis for the judgment, [she did] not owe the amount claimed by Creditor, and . . . the judgment [was] from 2011." (Mag.'s Decision at 2.) Because all these arguments attacked the judgment underlying the garnishment, the magistrate determined that she could not consider them. The magistrate reviewed the affidavit Professional Financial Services submitted to obtain the order of garnishment and determined that the affidavit met all the prerequisites of R.C. 2716.03(A). Consequently, the magistrate found the garnishment proper and sustained the garnishment order.

{¶ 4} Washington did not object to the magistrate's decision. In a judgment entered July 17, 2024, the trial court approved the magistrate's decision and ordered that the wage garnishment would stand.

## II. ASSIGNMENT OF ERROR

{¶ 5} Washington now appeals the July 17, 2024 judgment, and she assigns the following error:

> The Trial Court Did Err in Overruling My (Demetria Washington) Objection To The Wage Garnishment[.] There is not enough evidence in this case to establish that I owe a debt to the Plaintiff or how much that debt is.

(Sic passim.)

## III. STANDARD OF REVIEW

{¶ 6} Civ.R. 53(D)(3)(b) imposes a duty to assert timely, specific objections in writing to a magistrate's decision. *Community Properties of Ohio Mgt. v. Smith*, 2023-Ohio-540, ¶ 12 (10th Dist.). A party's failure to file objections to a magistrate's decision waives all but plain error on appeal. *Mangan v. Morocho & Garcia Constr., L.L.C.*, 2024-Ohio-2241, ¶ 31 (10th Dist.); *Khasawneh v. Aldamen*, 2024-Ohio-937, ¶ 8 (10th Dist.). *See*

Civ.R. 53(D)(3)(b)(iv) ("Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a factual finding or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).").

**{¶ 7}** Courts will find that plain error has occurred "only in the extremely rare case involving exceptional circumstances where error . . . seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus. Plain error is error that is clearly apparent on the face of the record and prejudices the appellant. *Alford v. Ohio Dept. of Rehab. & Corr.*, 2023-Ohio-4290, ¶ 24 (10th Dist.).

## IV. LEGAL ANALYSIS

**{¶ 8}** By her only assignment of error, Washington argues that the trial court erred in refusing to vacate the garnishment because the judgment underlying the garnishment is invalid, and thus, establishes neither the existence nor amount of her debt. We disagree.

**{¶ 9}** Garnishment proceedings are governed by statute. R.C. 2716.06(C) permits a judgment debtor to request a hearing to dispute the judgment creditor's right to garnish the judgment debtor's wages by demonstrating an exemption or a reason the garnishment is improper. *Tisdale v. ADP, L.L.C.*, 2021-Ohio-3827, ¶ 17 (10th Dist.). However, as the statutorily required notice to the judgment debtor states, "no objections to the judgment itself will be heard or considered at the hearing." (Capitalization normalized.) R.C. 2716.06(A). Thus, a garnishment hearing is not a vehicle for relitigating the lawsuit that resulted in the judgment underlying the garnishment. *Univ. of Akron v. Rushin*, 2020-Ohio-3268, ¶ 9 (9th Dist.); *Tillimon v. Myles*, 2020-Ohio-1243, ¶ 11 (6th Dist.); *State v. Dunlap*, 2018-Ohio-1587, ¶ 15 (5th Dist.); *Credit Invests., Inc. v. Addis*, 2014-Ohio-4249, ¶ 6 (2d Dist.).

**{¶ 10}** Because Washington could not contest the Georgia judgment at the garnishment hearing, the trial court did not err, much less commit plain error, in disregarding Washington's challenges to that judgment when sustaining the garnishment order. Accordingly, we overrule Washington's sole assignment of error.

## V.  CONCLUSION

{¶ 11} For the foregoing reasons, we overrule Washington's assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

MENTEL and EDELSTEIN, JJ., concur.

_____